The Honorable Tana Lin

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, as subrogee of DH&G, LLC., <br><br> Plaintiffs, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, <br><br> Defendants. | No. 2:19-cv-00138-TL <br><br> **DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION FOR SUMMARY JUDGMENT** <br><br> **NOTE ON MOTION CALENDAR: JUNE 23, 2023** |

## INTRODUCTION

Plaintiff, an insurer and subrogee of DH&G, LLC, sued Hewlett-Packard Company ("HP") for negligence and strict products liability, alleging, despite overwhelming evidence to the contrary, that a fire at DH&G's apartment building in Everett, Washington, was caused by a resident's HP laptop computer. Plaintiff's claims must be dismissed on summary judgment. As an initial matter, the Washington Products Liability Act, RCW § 7.72.030 is the exclusive remedy for this product liability claim. Plaintiff's negligence claim fails because it no longer exists under Washington law for product liability claims. Additionally, whether framed as negligence or a product liability, plaintiff's claims against HP lack evidentiary support. Plaintiff's case rests entirely on expert opinion, but those opinions are speculative and are not

DEFENDANT HP'S MOTION FOR SUMMARY JUDGMENT
Case No. 2:19-cv-00138-TL – Page 1

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Tel: 206-521-5989
Fax: 888-521-5980

based on reliable methodologies and must be excluded in accordance with *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). With no admissible evidence to point to the HP computer as the cause of the fire, plaintiff's claims must be dismissed.

### FACTUAL BACKGROUND

I.   The Subject Fire

On the evening of December 31, 2015, a fire broke out in Unit E101 of an apartment complex known as the Bluffs at Evergreen, in Everett, WA. Two people lived in Unit E101: Lynn Yevrovich and Mark Davis. According to Yevrovich, Davis lived in the apartment "like a skid row bum" and he kept his room "as messy as he could make it." *Transcript of Videotaped Police Interview of Lynn Yevrovich* (*Exh. 1 to Declaration of Christopher G. Betke*), at 38:23-24, 36:4.  On the day of the fire, Yevrovich ended her long-term relationship with Davis and stated her desire to move out of their apartment as soon as possible and to see other people. *Id.* at 11:22-12:2. Davis, who had been intoxicated since 10:00 a.m. that day (*id.* at 19:22-23; 20:19-20) reacted angrily to Yevrovich's news. Yelling "F…k you! F…k you! F…k you! F…k you!" to Yevrovich, Davis went into his bedroom where he continued consuming alcohol. *Id.* at 11:11-13; 19:16-23. Yevrovich smelled cigarette smoke coming from Davis' room. *Id.* at 51:23-24.

About ninety minutes after their argument, Yevrovich was in the living room watching television when she noticed smoke coming out from under the door to Davis' bedroom. *Id.* at 5:16-6:25. She "ran over and opened the door and I saw [Davis] standing in the middle of the room, just staring at his mattress, which had just been consumed with flames." *Yevrovich* at 7:15-18. Yevrovich told police officers that she believed Davis had set the fire, either intentionally or accidentally. *Id.* at 25:3-12; 60:9-10. She told police that she believed Davis "deliberately didn't

DEFENDANT HP'S MOTION FOR SUMMARY JUDGMENT
Case No. 2:19-cv-00138-TL – Page 2

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

want to live." *Id.* at 49:22. She explained that Davis' state of mind was, "She's leaving me. I hate her. I don't want to live anymore. I'm going to set this place on fire and burn up everything she has…And I'm just going to burn her place up so that she doesn't have anything anymore and I'll just die in the fire." *Id.* At 74:8-16.

Yevrovich also told police that Davis' alcohol consumption played a role in him setting the fire: "I'm pretty sure the fact that he was drinking did play a factor into whatever he did that night, you know, whether he – whether he did it because he was angry and drunk or whether he accidentally did it because he was out of it drunk. Either way, he was drunk. That's how I see it. And I don't know that he was crazy drunk and did it that way or whether he was deliberate and did it that way because he was so out of his mind anyway from all those years of drinking that you couldn't even have a normal conversation with him anymore." *Id.* at 73:5-17.

Yevrovich's statements to police also suggested that the fire could have been caused by smoking materials. Yevrovich told the police that Davis was especially likely to smoke in his room after the two had fights (*id.* at 36:17-18), and, as noted above, the two had had a fight not long before the fire. Yevrovich told police that she had smelled cigarette smoke coming from Davis' room on the date of the fire. *Id.* at 51:23-24. Yevrovich reported that Davis kept a zippo lighter, butane, and bottles of alcohol in his room. *Id.* at 65:7-11. In fact, a fill canister of fuel was found in an open dresser drawer in Davis's room by the Everett Police Department, as was a used cigarette. *Report of Jeffrey Colwell* (*Exh. 2*) at p. 16-19. There were no other witnesses to the start of the fire, and Yevrovich is now deceased. The Everett Fire Department classified the cause of the fire as "undetermined." Plaintiff, the insurer for DH&G, alleges that it paid its insured $5.7 million to cover fire damage to the building. Ignoring Yevrovich's firsthand account of the incident, plaintiff alleges that a lithium-ion battery in Davis's HP laptop computer was the cause of the fire.

DEFENDANT HP'S MOTION FOR SUMMARY JUDGMENT
Case No. 2:19-cv-00138-TL – Page 3

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Tel: 206-521-5989
Fax: 888-521-5980

## II. The HP Product

The model notebook at issue in this case is the 15-AC132DS HP notebook (the "Model NB"). The specific notebook computer purchased by Mark Davis with the serial number CND5369NS1 was assembled by Compal Electronics Technology, Inc. and shipped with a battery pack supplied by Simplo Technology Co. Ltd. ("Simplo") with cells from Samsung SDI ("SDI") (the "Davis notebook"). *HP Answers to Interrogatories* (*Exh. 3*), Answer No. 2. The Model NB was subject to the test done to qualify for UL listing and CB certification which includes testing for potential fire hazard during operation by consumers. *Id.,* Answer No. 9. The UL tests are designed to test the computer and battery pack against know and foreseeable abuse and misuse and to ensure that it will not result in a failure that would initiate a fire. *Report of Dr. Quinn Horn* (*Exh. 4*) at 8. Not surprisingly, given its rigorous engineering and testing, there are *no other reported claims or legal action* involving an allegation that the Model NB has caused a fire aside from the present case. *Exh. 3*, Answer No. 12. Further, the Model NB was not subject to recall *Id.,* Answer No. 20. Thus, the Model NB has an unblemished track record.

Ignoring Yevrovich's firsthand account that Davis had started the fire in his bedroom, plaintiff is attempting to blame HP, alleging that that the fire started in a lithium-ion battery inside Davis' HP laptop computer. In its complaint, plaintiff alleges that Davis' computer was negligently manufactured and assembled and that HP failed to warn of the computer's defective condition. *Complaint* (*Exh. 5*) at ¶4.3. Plaintiff also alleges that HP is liable to it under a theory of strict products liability. *Id.* at ¶¶5.1-5.6. Plaintiff seeks damages of nearly $5.7 million. *Id.* at ¶6.1. As discussed below, plaintiff's claims against HP must be dismissed.

## ARGUMENT

### I. Plaintiff's negligence claim must be dismissed because it does not exist under Washington product liability law

DEFENDANT HP'S MOTION FOR SUMMARY JUDGMENT
Case No. 2:19-cv-00138-TL – Page 4

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Tel: 206-521-5989
Fax: 888-521-5980

The Washington Product Liability Act, or WPLA, "is the exclusive remedy for product liability claims." *Macias v. Saberhagen Holdings, Inc.,* 175 Wash. 2d 402, 409, 282 P.3d 1069, 1073-74 (2012), citing *Potter v. Wash. State Patrol*, 165 Wn.2d 67, 87, 196 P.3d 691 (2008). The WPLA "supplants all common law claims or actions based on harm caused by a product. *Macias,* 175 Wash. At 409, citing *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 323, 858 P.2d 1054 (1993); *Wash. Water Power Co. v. Graybar Elec. Co.*, 112 Wn.2d 847, 853, 774 P.2d 1199, 779 P.2d 697 (1989). Accordingly, a negligence claim "is not viable in a products case." *Wash. State Physicians Ins. Exch. & Ass'n*, 122 Wash. 2d at 322 (rejecting plaintiff's argument that a negligence claim could proceed if a WPLA claim is disallowed by the court). *See also Lovold v. Fitness Quest Inc.,* No. C11-569Z, 2012 U.S. Dist. LEXIS 20391, at *13 (W.D. Wash. Feb. 16, 2012) (WPLA "supplants previously existing common law remedies, including common law actions for negligence."); *Hue v. Farmboy Spray Co.*, 127 Wn.2d 67, 87, 896 P.2d 682 (1995) (plaintiff's negligence claim is subsumed under the products liability claim).

Here, plaintiff's complaint against HP contains two counts: one for negligence and one for strict products liability. *See Exh. 5.* Both counts allege that the computer was defective and dangerous and caused the fire. *Id.,* ¶¶ 4.3-4.4, 5.3-5.6. Because plaintiff's negligence claim is forbidden as a matter of law and is completely subsumed with and supplanted by the WPLA claim, it must be dismissed.

**II.  Whether framed as negligence or product liability, plaintiff's claims against HP must be dismissed for lack of evidence**

    a.  *Summary judgment standard*

Summary judgment is "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Henricksen v. Conoco Phillips Co.*, 605 F. 2d 1142, *23 (E.D. Wash. 2009), *quoting Celotex Corp. v. Catrett,*

DEFENDANT HP'S MOTION FOR SUMMARY JUDGMENT
Case No. 2:19-cv-00138-TL – Page 5

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Tel: 206-521-5989
Fax: 888-521-5980

477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, 'there is no genuine dispute as to any material fact.'" *United States v. JP Morgan Chase Bank Account No. Ending 8215 in the name of Ladislao V. Samaniego, VL: $446,377.36,* 835 F.3d 1159, 1162 (9th Cir. 2016), citing Fed. R. Civ. P. 56(a) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "A genuine dispute of material fact exists if 'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *Id, quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "Material facts are those which might affect the outcome of the suit under governing law." *Empire Fire & Marine Ins. Co. v. Washington*, No. C16-1596 RSM, 2017 U.S. Dist. LEXIS 206817, at *8-9 (W.D. Wash. Dec. 15, 2017), citing *Anderson*, 477 U.S. at 248.

In assessing a motion for summary judgment, the court "must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party." *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). "However, the nonmoving party must make a 'sufficient showing on an essential element of her case with respect to which she has the burden of proof' to survive summary judgment." *Empire Fire & Marine Ins. Co.,* 2017 U.S. Dist. LEXIS 206817, at *9, quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

    b. *The non-movant cannot rely on assumption, speculation, or "a mere scintilla of evidence" to avoid summary judgment*

"Conclusory or speculative testimony is insufficient to raise a genuine issue of fact and defeat summary judgment." *Colvin v. Tooley-Young,* No. C14-1962JLR, 2015 U.S. Dist. LEXIS

DEFENDANT HP'S MOTION FOR SUMMARY JUDGMENT
Case No. 2:19-cv-00138-TL – Page 6

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Tel: 206-521-5989
Fax: 888-521-5980

90647, at *6-7 (W.D. Wash. July 13, 2015), citing *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). "An affidavit or declaration will not defeat summary judgment if it contains no more than conjecture or a scintilla of evidence insufficient to support a jury verdict." *Id.* at *7, citing *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996. "A non-movant's bald assertions or a mere scintilla of evidence are both insufficient to withstand summary judgment." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (citing *Galen v. County of Los Angeles*, 477 F.3d 652, 658 (9th Cir. 2007)). This standard applies to expert opinions as well: "Expert testimony cannot create a genuine issue of material fact if it rests on assumptions that are not supported by evidence." *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019) A party cannot render a speculation sufficient "simply by finding an expert who is willing to assume its correctness." *Id.* At 856-57.

      c. *Plaintiff's claims against HP must be dismissed because they are based entirely on unreliable and speculative expert testimony*

HP is entitled to summary judgment dismissal of plaintiff's claims because plaintiff's entire case is premised on unreliable and inadmissible expert testimony of Ken Rice and Michael Eskra. Ignoring Yevrovich's firsthand account of the fire, plaintiffs' experts have concocted a scenario in which the fire started in the computer's battery pack. However, the experts' opinions are unreliable and inadmissible under *Daubert* because they failed to follow NFPA 921 and the scientific method and because, at the end of the day, the experts' opinions amount to nothing more than speculation. (HP incorporates herein by reference to its accompanying *Daubert* motions to exclude plaintiff's experts.) At most, plaintiff's experts are able to state that Davis' notebook computer was in the room where the fire started and that the computer, like every other object in the room, sustained significant fire damage. This "mere scintilla of evidence" only establishes that the computer, like every other object in Davis' room, was destroyed in the fire. It

DEFENDANT HP'S MOTION FOR SUMMARY JUDGMENT
Case No. 2:19-cv-00138-TL – Page 7

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Tel: 206-521-5989
Fax: 888-521-5980

does nothing to establish that the fire started in the computer. Therefore, plaintiff's claims against HP must be dismissed for lack of evidence.

**CONCLUSION**

To prevail in this products liability case, plaintiff will have to establish, through expert testimony, that the HP computer was defective and caused the subject fire. Plaintiff cannot make this showing. As discussed in HP's accompanying motions to exclude plaintiff's experts, plaintiffs' experts must be excluded for failure to follow any reliable methodology and for failure to abide by NFPA 921, which establishes the recognized standards for fire investigations. In the absence of expert testimony, plaintiff cannot prevail on its claims.

Therefore, for the foregoing reasons, the Defendant, HP, Inc. requests that the Court grant its motion for summary judgment and dismiss plaintiff's claims against it.

Respectfully submitted,

Defendant, HP, Inc.,
By its attorneys,

*/s/ Kenneth M. Roessler*

Kenneth M. Roessler, WSBA 31886
Mix Sanders Thompson
1420 Fifth Ave., Suite 2200
Seattle, WA 98101
(206) 521-5989
ken@mixsanders.com

*/s/ Christopher G. Betke*
Christopher G. Betke, pro hac vice
Coughlin Betke LLP
175 Federal St.
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com

DEFENDANT HP'S MOTION FOR SUMMARY JUDGMENT
Case No. 2:19-cv-00138-TL – Page 8

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Tel: 206-521-5989
Fax: 888-521-5980

I, Christopher G. Betke, certify that the above memorandum contains 2,326 words (exclusive of the caption, signature block, and certificate of service), in compliance with the Local Civil Rules.

/s/ *Christopher G. Betke*

Christopher G. Betke, pro hac vice

### CERTIFICATE OF SERVICE

I certify that on the date below I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

John R. MacMillan: jmacmillan@msmlegal.com
Kenneth Roessler: ken@mixsanders.com

DATED: May 30, 2023       /s/ *Christopher G. Betke*

DEFENDANT HP'S MOTION FOR SUMMARY JUDGMENT
Case No. 2:19-cv-00138-TL – Page 9

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980

# CERTIFICATE OF SERVICE

I, Kelly Lee, certify that on May 30, 2023, I electronically filed the foregoing Defendant HP's Motion for Summary Judgment; and Declaration of Christopher G. Betke in Support of Defendant's Motion for Summary Judgment (with Exhibits) with the Clerk of the Court using the CM/ECF System and caused to be served a true and correct copy via the method indicated below and addressed to the following:

| **_Attorney for Plaintiff Philadelphia Indemnity Insurance Company_** | **_Attorney for Defendant Hewlett-Packard Company_** |
|---|---|
| John R. MacMillan | Christopher G. Betke |
| MacMillan Scholz & Marks | Coughlin & Betke |
| 900 SW 5th Ave Suite 1800 | 175 Federal St Ste 1450 |
| Portland OR 97206 | Boston MA 02110 |
| jmacmillan@msmlegal.com | cbetke@coughlinbetke.com |
| ☒CM/ECF System | ☒CM/ECF System |

s/Kelly Lee
Mix Sanders Thompson, PLLC
1420 Fifth Avenue, 22nd Floor
Seattle, WA  98101
Tel:     206-521-5989
Fax:    888-521-5980

DEFENDANT HP'S MOTION FOR SUMMARY JUDGMENT
Case No. 2:19-cv-00138-TL – Page 10

Mix Sanders Thompson, PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA  98101
Tel: 206-521-5989
Fax: 888-521-5980