UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

DOCKET NO. 2:19-cv-00138-RSM

PHILADELPHIA INDEMNITY )
INSURANCE COMPANY, )
A Pennsylvania corporation, )
as subrogee of DH&G, LLC, )
                Plaintiffs, )

vs. )

HEWLETT-PACKARD COMPANY )
                Defendant )

## DEFENDANT'S ANSWERS TO INTERROGATORIES

### INTERROGATORY NO. 1:

State the name and address of each person who has provided any information in responding to these discovery requests.

### ANSWER 1:

The Defendant objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege and/or the work-product doctrine. Subject to and without waiving the foregoing objections, these answers to interrogatories will be signed on behalf of the Defendant by Ivar Cuellar in his capacity as Program Manager, Global Risk for HP, Inc.

### INTERROGATORY NO. 2:

Was HP engaged in designing, developing, assembling, manufacturing, testing, inspecting, promoting, advertising, marketing and/or selling, on or before December 31, 2015, laptop computers with the model number 15-AC132DS? If so, please state which of said activities was performed by your company and the period of time during which it was performed.

**ANSWER 2:**

The Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objections, the Defendant states that it generally engaged in the design, development, marketing, sale, inspection and testing of the 15-AC132DS model of HP notebook (the "Model NB"). Further answering, the Model NB incorporated component parts including battery packs and cells that are designed, developed, tested and manufactured by other entities. The Defendant does not assemble and package the Model NB itself but such is done on its behalf. The specific notebook alleged to have been purchased by Mark Davis from Home Shopping Network with the serial number CND5369NS1 (the "Davis NB") was assembled by Compal Electronics Technology, Inc. and would have shipped with a battery pack supplied by Simplo Technology Co. Ltd. ("Simplo") with cells from Samsung SDI ("SDI").

**INTERROGATORY NO. 3:**

Please give the name, title, and last known address of the person or persons who have custody of all records relating to the design and assembly of the Product and Similar Products.

**ANSWER 3:**

The Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objections, the Defendant states Lee Atkinson, a Distinguished Technologist currently employed by HP, has the Project file for the Model NB.

**INTERROGATORY NO. 4:**

State the name, business address, company position and educational background of the person or persons in your company with the most knowledge of the design and development of the Product.

**ANSWER 4:**

The Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely

benefits. Subject to and without waiving the foregoing objections, the Defendant states that it has no way of identifying a particular person with the "most knowledge" of the design and development of the Product. Further answering, Lee Atkinson, a Distinguished Technologist currently employed by HP has knowledge regarding the Model NB.

### INTERROGATORY NO. 5:

Please identify the date the Product was first designed, the date it was first marketed, and the date it was first placed into production.

### ANSWER NO. 5:

The Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objections, development of the Model NB began in the Fall of 2014, its first production was in or around May 2015 and it was first introduced to market in or around August 2015. Further answering, the Davis NB was manufactured on September 6, 2015.

### INTERROGATORY NO. 6:

Please describe all changes made to the design of the Product from the time it was first marketed until its design on December 31, 2015, and state the reason the changes were implemented.

### ANSWER NO. 6:

The Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objections, the Defendant states it did not make any changes to the Model NB or any component part thereof related to the incident in plaintiff's complaint or any similar incident.

### INTERROGATORY NO. 7:

Please describe the design of the Product on December 31, 2015, and the reason(s) it was designed in that manner.

### ANSWER NO. 7:

The Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objections, the Defendant refers plaintiff to documents previously produced in this case with bates-stamp: HP000001-HP000762. Further answering, Defendant states it will produce a design schematic for the Model NB.

### INTERROGATORY NO. 8:

Please describe all changes in design of the Product from December 31, 2015 until the present, and the reason(s) those changes were implemented.

### ANSWER NO. 8:

The Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objections, the Defendant states it did not make any changes to the Model NB or any component part thereof related to the incident in plaintiff's complaint or any similar incident.

### INTERROGATORY NO. 9:

Please state whether HP or anyone on HP's behalf conducted tests on the Product either before or after December 31, 2015, relating to the reliability of the Product and the Product's parts and components, and the propensity of the parts and components to injure persons or cause damage to property, including testing relating to operation of the Product and Similar Products on soft surfaces such as bedding, pillows, couches, sofas, and laps.

### ANSWER NO. 9:

The Defendant objects to this interrogatory on grounds it is overly broad and not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and that the burden and expense of such discovery outweighs its likely benefit. Subject to and without waiving the foregoing objection, HP states that the Model NB was subject to function and run-in testing after it was assembled and before it was shipped. Therefore, the Davis NB would have been subject to function and run-in testing including both human and automated testing of its systems on or around 9/6/15. The particular component parts at issue (lithium ion battery pack and cells) would have been tested by their

respective manufacturer/suppliers [Simplo (battery pack) and SDI (battery cells)] before being shipped for inclusion in the Davis NB. In addition, Defendant states that the Model NB and component parts thereof were subject to the testing done to qualify for UL listing and CB certification which includes testing for potential fire hazard during operation by consumers.

**INTERROGATORY NO. 10:**

If your answer to the foregoing Interrogatory is in the affirmative, please state:

(a) When each test was conducted;

(b) The time each such test took to conduct;

(c) The name, company position, and present address of the person responsible for such test;

(d) A step-by-step description of the methodology of each such test; and

(e) The purpose of each such test.

**ANSWER NO. 10:**

The Defendant objects to this interrogatory on grounds it is overly broad and not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and that the burden and expense of such discovery outweighs its likely benefit. Subject to and without waiving the foregoing objection, see Answer to Interrogatory #9 above. Further answering, Defendant will produce documents reflecting the testing done to qualify for UL and CB certification for both the Model NB and for the Simplo Pack with SDI cells.

**INTERROGATORY NO. 11:**

List all government standards or trade standards known by defendant prior to December 31, 2015, governing the design, manufacture, testing, inspection, distribution or sale of the Product.

**ANSWER NO. 11:**

The Defendant objects to this interrogatory on grounds it seeks disclosure of information subject to attorney-client privilege, seeks a legal conclusion, is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is limitless in its application and, as such, is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objection,

Defendant states that both the Model NB and the Simplo Pack with SDI cells qualified for UL listing and CB certification.

**INTERROGATORY NO. 12:**

State whether any legal actions have been filed against HP for property damage, personal injury, or wrongful death in which it was alleged that such damage, injury, or death occurred as a result of a defect in the Product or Similar Products.

**ANSWER NO. 12:**

The Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objection, defendant is unaware of any other such legal action involving a claim of fire being started by a Model NB.

**INTERROGATORY NO. 13:**

If your Answer to the foregoing interrogatory is in the affirmative, please state:

    (a) The caption, jurisdiction and case number of each action;

    (b) The model, year and type of HP laptop involved;

    (c) Whether it was alleged that the HP laptop was defective and, if so, in what respect; and

    (d) How it was alleged in each such action that the defect in the laptop contributed to the plaintiff's property damage or injuries.

**ANSWER NO. 13:**

Please see answer #12 above incorporated herein by reference.

**INTERROGATORY NO. 14:**

State whether HP has received any complaints, correspondence, warranty claims, and/or other communications associated with a person alleging he or she suffered property damage or personal injury allegedly associated with a product defect in Product or in Similar Products.

**ANSWER NO. 14:**

The Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objection, Defendant has not received any complaints, correspondence, warranty claims and/or communications with a person alleging he or she suffered property damage or personal injury alleged associated with the Model NB caused by a fire as alleged in the present case.

**INTERROGATORY NO. 15:**

If your Answer to the foregoing interrogatory is in the affirmative, please state:

(a) The name and present address of each such person or company who made each such communication;

(b) The date of each such communication;

(c) The events and factual pattern described in each such communication;

(d) The make and model of the Product involved in each such communication; and

(e) The contents of your company's response to each such communication.

**ANSWER NO. 15:**

Please see answer #14 above incorporated herein by reference.

**INTERROGATORY NO. 16:**

Please give the substance of all communications or statements given to or taken by HP from any person, including parties, with regard to the occurrence alleged in Plaintiff's Complaint.

**ANSWER NO. 16:**

The Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objection, there were multiple communications between counsel for both parties prior to the lawsuit being filed. Those communications are known to plaintiff and, therefore, are not set forth here. Further answering, Defendant will produce a copy of the incident report taken telephonically from someone purporting to call on behalf of Philadelphia Insurance Company.

**INTERROGATORY NO. 17**:

Please describe in detail all inspections and examinations of the Laptop that have been made or caused to be made by the defendant or any agent or employee of the defendant, including dates and the name and address of the person making each such inspection or examination.

**ANSWER NO. 17:**

The Defendant objects to this interrogatory on grounds it seeks information protected by attorney-client privilege and/or the work product doctrine, and seeks disclosure of expert information prior to the deadlines set by the Court's scheduling order(s). Subject to and without waiving the foregoing objections, the Defendant states that it will disclose the requested information pertaining to experts it expects to testify in conformity with the Federal Rules of Civil Procedure and the Court's order(s) on expert disclosure. Further answering, Defendant states that inspections of the Davis NB took place on 8/25/16; 3/20/17; 8/2/17. Electrical Engineer Don Galler attended the exams on 8/25/16 and 3/20/17 and Battery Expert Dr. Quinn Horn attended the exams on 3/20/17 and 8/2/17. All exams were done in the presence of, and in conjunction with, representatives of the Plaintiff and, therefore, Plaintiff is aware of these inspections and who was present. Defendant is searching its records for "sign-in sheets" and will produce same to Plaintiff when located.

**INTERROGATORY NO. 18**:

If it is HP's contention that the occurrence alleged in Plaintiff's Complaint was caused in whole or in part by some person or persons other than the defendant, please state:

(a) The name, last known address and telephone number of each such person, firm or corporation;

(b) How such other person caused or contributed to cause the alleged occurrence.

**ANSWER NO. 18:**

The Defendant objects to this interrogatory on grounds it seeks disclosure of information subject to attorney-client privilege, seeks a legal conclusion, and attorney work product. Subject to and without waiving the foregoing objections, HP states that it does not have any direct knowledge regarding who caused the occurrence, in whole or in part, as it was not present at the time of the occurrence. Further answering, upon information and belief, there is information contained in documents produced as bates stamped: HP000763-HP001173 that may provide evidence that the fire was caused by accidental means or was the result of intentional conduct unrelated to Defendant or its product. Discovery is on-going and HP reserves the right to supplement this answer.

**INTERROGATORY NO. 19:**

If it is HP's contention that the occurrence alleged in Plaintiff's Complaint was caused or contributed to by some act or omission of the Plaintiff or Plaintiff's insured, please describe in detail each alleged act or omission.

**ANSWER NO. 19:**

The Defendant objects to this interrogatory on grounds it seeks disclosure of information subject to attorney-client privilege, seeks a legal conclusion, and attorney work product. Subject to and without waiving the foregoing objection. Subject to and without waiving the foregoing objections, Defendant states that it does not have any direct knowledge regarding who caused the occurrence, in whole or in part, as it was not present at the time of the occurrence. In addition, Defendant does not have direct knowledge regarding who is an insured of the Plaintiff. Further answering, Defendant incorporates herein its answer to interrogatory #18. Discovery is on-going and HP reserves the right to supplement this answer.

**INTERROGATORY NO. 20:**

If defendant has recalled or issued post-sale warnings relating to the Product, please state verbatim the content of said recall or warning, the date it was issued and where it was issued.

**ANSWER NO. 20:**

The Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objections, the Defendant states that there were no recalls or post-sale warnings applicable to the Davis NB.

**INTERROGATORY NO. 21:**

If the Product has ever been recalled, please describe in detail the reason for each such recall.

**ANSWER NO 21:**

Please see answer No. 20 incorporated herein by reference.

**INTERROGATORY NO. 22:**

Please identify the battery cell and battery pack manufacturers that HP used, prior and subsequent to December 31, 2015, for batteries used to power the Product and Similar Products.

**ANSWER NO. 22:**

Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objection, Defendant states that the battery pack in the Davis NB when shipped by HP was manufactured by Simplo incorporating cells from SDI.

**INTERROGATORY NO. 23:**

Prior and subsequent to December 31 2015, how did HP select the entities it used to manufacture battery packs and cells to be used in the Product and Similar Products?

**ANSWER NO. 23:**

Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing objection, Defendant states that the battery pack and cell manufacturer used in the Davis NB went through a qualifying or approval process with HP that would generally include confirming they are a reputable supplier, reviewing design specifications, confirming battery packs/cells conformed to specifications, testing them and successfully completing UL listing and CB certification.

**INTERROGATORY NO. 24:**

Please identify the battery packagers HP used for batteries used in the Product and Similar Products prior to December 31, 2015.

**ANSWER NO. 24:**

Please see answer No. 22 incorporated herein by reference.

**INTERROGATORY NO. 25:**

Please describe the process HP used, prior and subsequent to December 31, 2015, for assembling battery cells into battery packs.

**ANSWER NO. 25:**

The Defendant objects to this interrogatory on grounds it is not reasonably calculated to lead to the discovery of admissible evidence, is overly broad, unduly vague and is not proportional to the needs of this case in light of the amount in controversy, the importance of this discovery in resolving the issues and the burden and expense of such discovery outweighs its likely benefits. Subject to and without waiving the foregoing, Defendant states that it did not assemble battery cells into packs for the Model NB. The pack manufacturer for the Davis NB was Simplo.

**INTERROGATORY NO. 26:**

Please describe the process HP used, prior and subsequent to December 31, 2015, to select battery cells and the criteria HP used in selecting cells.

**ANSWER NO. 26:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 27:**

What company, entity, or other organization is responsible for the design and build of the battery management board used in the Product?

**ANSWER NO. 27:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 28:**

How does the battery management board work with the Product?

**ANSWER NO. 28:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 29**:

Is there communication between the Product and the battery while the battery is in the computer, such as via a System Management Bus ("SMB")?

**ANSWER NO. 29:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 30**:

Describe all the interactions of the SMB with the battery management board.

**ANSWER NO. 30:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 31**:

What features do the Product and Similar Products have relating to battery safety?

**ANSWER NO. 31:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 32**:

Does the Product have hierarchical control?

**ANSWER NO. 32:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 33**:

What are the design limits for the Product battery in terms of:

    (a) Minimum discharge voltage at the battery pack and cell level;

(b) Minimum and maximum charge voltage; and

(c) Minimum and maximum operating and charge temperatures?

**ANSWER NO. 33:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 34:**

Does the battery pack in the Product monitor and control each cell in the battery pack? If so, describe how, including identifying all set points.

**ANSWER NO. 34:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 35:**

Does the Product monitor and control each cell in the battery pack? If so, describe how.

**ANSWER NO. 35:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 36:**

What safety features, if any, does HP put into the Product and Similar Products to prevent computer-induced thermal runaway of the battery pack and what are the conditions' design limits?

**ANSWER NO. 36:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 37:**

With respect to the design limits referenced in Interrogatory No. 36, how do the design limits compare to actual failures in the Product and in Similar Products?

**ANSWER NO. 37:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 38:**

Since January 1, 2009, what has been the typical return rate from the field of HP Laptop computers?

**ANSWER NO. 38:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 39:**

How does the return rate referenced in Interrogatory No. 38 compare to other products manufactured by HP?

**ANSWER NO. 39:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 40:**

With respect to the reasons for returns of the Product and Similar Products since January 1, 2009, what percentage of returns have related to alleged issues with the laptops' batteries, the battery electronics, and the computer, itself?

**ANSWER NO. 40:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 41:**

What is the incidence of counterfeit battery cells or packs being used in HP laptops?

**ANSWER NO. 41:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 42:**

Is communication between the battery pack and the Product different if the battery pack is counterfeit versus genuine?

**ANSWER NO. 42:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 43:**

Are HP battery packs tested to comply with the standards set forth in UL 2054?

**ANSWER NO. 43:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 44:**

With respect to laptop computers manufactured by HP, has HP performed competitive safety analysis with laptop manufacturers ASUS, Lenovo, and/or Dell?

**ANSWER NO. 44:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 45:**

Does HP use similarity-based reliability qualification testing to qualify components for the Product and Similar Products? If so, identify the components for which HP has relied on such testing.

**ANSWER NO. 45:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 46:**

If the Product is equipped with a battery management circuit or battery management system, describe how that system provides external short protection.

**ANSWER NO. 46:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 47:**

Please describe the operation of the Product's battery management system, including hard and soft set points, overcharge protection, over-discharge protection, cell balancing technique, no charge criteria, and no discharge criteria.

**ANSWER NO. 47:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 48:**

What is the battery management system standby electrical drain on the battery pack and individual cells and at what point does the battery management system stop drawing power?

**ANSWER NO. 48:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 49:**

What is the Product's electrical load on the battery during off, hibernate, and sleep modes?

**ANSWER NO. 49:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 50:**

Provide the Failure Mode and Effect Analysis (FMEA) performed on the Product prior to manufacturing and sales.

**ANSWER NO. 50:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

**INTERROGATORY NO. 51:**

Please identify each person whom you intend to call as an expert witness at trial and state as to each such person:

    (a) His or her name and address;

    (b) The expert's area of expertise;

    (c) The subject matter on which the person is expected to testify;

    (d) The substance of the facts and opinions to which the person is expected to testify.

**ANSWER NO. 51:**

The Defendant objects to this interrogatory on grounds it exceeds the number of interrogatories permissible under F.R.C.P. 33.

The undersigned deposes and states under penalties of perjury, on this 8th day of January, 2020, I am the Program Manager, Global Risk Management with HP Inc., named herein as defendant Hewlett Packard Company. I have read the foregoing answers to interrogatories and know the contents thereof; that these answers were prepared with the assistance of counsel upon whose advice I have relied; that the answers set forth herein, subject to inadvertent or undiscoverable errors, are not all within my personal knowledge and there is no employee of HP Inc. f/k/a Hewlett-Packard Co. who has knowledge of all such matters; that the answers herein are based on and are, therefore, necessarily limited by records in and information still in existence, presently recollected and thus far discovered in the course of preparation of these answers; that I reserve the right to supplement or make any changes in the answers if it appears at any time that omissions or errors have been made or that more accurate information is available; that subject to the limitations set forth herein these answers are true to the best of my knowledge, information and belief.

HP, Inc. named herein as
HEWLETT-PACKARD COMPANY

BY: _____
Ivar Cuellar
Program Manager, HP Inc.

As to objections,

_____
Christopher G. Betke, Esq.
MA BBO #552588 (*pro hac vice*)
Coughlin Betke LLP
175 Federal Street
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com

## CERTIFICATE OF SERVICE

I certify that on the date below I have served a copy of the foregoing document by email to the following: John R. MacMillan: jmacmillan@msmlegal.com

DATED: January 9, 2020                    _____