FILED
2018 DEC 27 PM 3:21
SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH

18-2-11625-31
CMP 2
Complaint
4542791

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF SNOHOMISH

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, as subrogee of DH&G, LLC.,

Plaintiffs,

vs.

HEWLETT-PACKARD COMPANY,

Defendant.

Case No.: 18 2 11625 31

COMPLAINT FOR PROPERTY DAMAGE/ PRODUCT LIABILITY

Plaintiff alleges:

1.

JURISDICTION

(1.1) The incident that is the subject matter of this action occurred in Snohomish County, State of Washington.

2.

PARTIES

(2.1) Plaintiff Philadelphia Indemnity Insurance Company ("Philadelphia"), at all times material hereto, was a Pennsylvania corporation duly authorized to transact insurance business in the State of Washington, and did provide a policy of insurance to subrogor DH&G, LLC ("DH&G"), a Washington Limited Liability Company, located at 10532 35th Avenue NE, Seattle, WA 98125.

Page 1 – COMPLAINT

MACMILLAN, SCHOLZ & MARKS, P.C.
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204

(2.2) At all times material hereto, defendant Hewlett-Packard Company ("HP") was and is in the business of designing, manufacturing, assembling, distributing, and selling computers. HP placed its products in the stream of commerce and such products were purchased for residential use in the State of Washington. HP's principal offices are located at 3000 Hanover Street, Palo Alto, California 94304. HP's registered agent for service of process is CT Corporation System, 505 Union Ave. SE, Suite 120, Olympia, WA 98501.

3.

## FACTS

(3.1) Plaintiff Philadelphia incorporates by reference all previous paragraphs of this complaint as if set forth fully herein.

(3.2) At all material times, plaintiff Philadelphia's insured, DH&G, established an affordable housing community at 2 W. Casino Road, Everett, WA 98204, better known as the Bluffs at Evergreen apartments (the "Property").

(3.3) DH&G had a policy of insurance with Plaintiff Philadelphia, policy number PHPK1292044, covering property damage, among other things, at the Bluffs at Evergreen apartments.

(3.4) On December 31, 2015, a fire occurred at the Bluffs at Evergreen apartments, causing significant damage to the building.

(3.5) The fire originated in Unit E101, building E, on a bed in one of the unit's bedrooms.

(3.6) Unit E101 was leased by Mark Davis and Lynn Yevrovich.

(3.7) The bedroom where the fire originated was used by Mark Davis.

(3.8) On or before December 31, 2015, Defendant HP held itself out to the public as being knowledgeable, skilled, and experienced in the design, manufacturing, and assembly of laptop computers and their component parts.

Page 2 – COMPLAINT

(3.9) On December 5, 2015, Mark Davis purchased a HP 15" Intel Quad Core 4 GB/1TB laptop, model 15-AC132DS (the "Laptop"), designed, manufactured, assembled, and/or placed into the stream of commerce by Defendant HP.

(3.10) The Laptop operated using a rechargeable lithium ion battery, which was incorporated for use in and with the Laptop, creating an integrated product when it left the control of Defendant HP.

(3.11) On December 31, 2015, an internal failure of the lithium ion battery of the Laptop occurred and caused the fire in Unit E101 at the Property. The fire originated in the Laptop.

4.

## FIRST CAUSE OF ACTION – NEGLIGENCE AGAINST DEFENDANT HEWLETT-PACKARD

(4.1) Plaintiff realleges and incorporates by reference all previous paragraphs of the complaint as though fully set forth herein.

(4.2) At all relevant times, Defendant HP had a duty to exercise that degree of ordinary and reasonable care required of other knowledgeable, experienced, and expert entities in the field of computer design, manufacturing, assembly, and distribution.

(4.3) Defendant HP was negligent by virtue of its acts and/or omissions in one or more of the following ways:

    (a) Manufactured and assembled the Laptop and the lithium ion battery located therein so that an internal failure developed and caused the fire;

    (b) Failed to properly manufacture and assemble the Laptop and the lithium ion battery located therein so as to prevent a dangerous malfunction from occurring;

    (c) Failed to properly inspect, test and recognize deficiencies in the manufacturing process prior to distributing the Laptop;

Page 3 – COMPLAINT

(d) Failed to warn purchasers regarding the defective condition of the Laptop when it knew or should have known that such was necessary to prevent the damage caused by the fire;

(e) Was otherwise careless or negligent.

(4.4) As a direct and proximate result of one or more of Defendant HP's negligent acts or omissions, the Laptop failed and caused a fire to ignite and spread inside unit E101 and to the Property resulting in significant property damage.

## SECOND CAUSE OF ACTION – STRICT PRODUCT LIABILITY AGAINST DEFENDANT HEWLETT-PACKARD

(5.1) Plaintiff realleges and incorporates by reference all previous paragraphs of the complaint as though fully set forth herein.

(5.2) Defendant HP was engaged in the regular course of its business in designing, preparing, manufacturing, assembling, advertising, distributing, supplying and/or selling a certain product and/or its appurtenances and component parts, commonly known as a laptop computer, and that prior to December 2015, Defendant HP had, in fact, designed, prepared, manufactured, assembled, advertised, distributed, supplied and/or sold the aforesaid product and/or its appurtenances.

(5.3) Defendant HP participated in the design, preparation, manufacturing, assembly, advertising, distribution, supplying and/or sale of the aforesaid product and/or its appurtenances and component parts, while said product and/or its appurtenances and component parts was/were in a defective and unreasonably dangerous condition with regard to its acknowledged, intended and foreseeable uses, and was so at the time the aforesaid product and/or its appurtenances left the control of the manufacturer, in that:

a. The said product was defective and unreasonably dangerous due to manufacturing defects or omission;

Page 4 – COMPLAINT

  b. The said product did not have adequate warnings of the latent dangerous condition of the Laptop;

  c. The said product was defective and unreasonably dangerous in that the Defendant failed to warn consumers or users of the dangerous condition of said product and/or the proper applications under which it could be safely used.

(5.4) Mark Davis purchased the Laptop that was designed, manufactured, assembled, advertised, distributed, supplied and/or sold by Defendant HP. Mark Davis had the Laptop plugged in and charging at the Property at the time of the fire.

(5.5) Just prior to the fire commencing, the Laptop was in the same or substantially the same condition as it was at the time it was manufactured and left the control of Defendant HP.

(5.6) As a direct and proximate result of one or more of the aforesaid defective and unreasonably dangerous conditions of said product, said product failed and caused a fire to ignite and spread inside the Property, causing significant property damage.

## DAMAGES

(6.1) As a foreseeable result of Defendant HP's negligence and of the unreasonably dangerous condition of the Laptop, the Property sustained fire, smoke, and water damage, resulting in damages suffered by DH&G, LLC. in the amount of $5,693,723.39.

(6.2) Prior to the incident set forth above, Plaintiff Philadelphia had issued to DH&G, LLC, as its insured, a policy of insurance. Pursuant to the terms of said policy, Plaintiff Philadelphia was obligated to pay, and did pay, insurance benefits in the amount of $5,693,723.39. The amounts paid by Plaintiff Philadelphia were reasonable.

(6.3) Plaintiff Philadelphia is hereby subrogated to all rights of its insured against Defendant HP to the extent of its payments.

WHEREFORE, Plaintiff Philadelphia prays for judgment against Defendant HP as follows:

Page 5 – COMPLAINT

(a) For Plaintiff Philadelphia's claim, the amount of $5,693,723.39;

(b) For statutory interest on the judgment pursuant to RCW 4.56.110; and

(c) For Plaintiff Philadelphia's costs and disbursements and such other and further relief as the court deems just and proper.

DATED: December 27, 2018.

MacMILLAN, SCHOLZ, & MARKS, P.C.

By: /s/ John R. MacMillan
JOHN R. MacMILLAN, WSBA#27912
Of Attorneys for Plaintiffs

Page 6 – COMPLAINT