The Honorable Tana Lin

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, as subrogee of DH&G, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>　　　　　　　　　　Defendant. | ) <br> ) <br> ) <br> ) Case No.: 2:19-cv-00138-RSM <br> ) <br> ) PLAINTIFF'S MEMORANDUM OF LAW <br> ) OPPOSING DEFENDANT'S MOTION TO <br> ) EXCLUDE TESTIMONY AND OPINIONS <br> ) OF KEN RICE <br> ) <br> ) |

## INTRODUCTION

Plaintiff Philadelphia Indemnity Insurance Company, as subrogee of DH&G, LLC ("Philadelphia Indemnity") submits this Memorandum of Law in opposition to Defendant Hewlett-Packard Company's Motion to Exclude the Testimony and Opinions of Ken Rice.

This case arises out of a fire that occurred on December 31, 2015, at an apartment complex known as the Bluffs at Evergreen, in Everett, Washington. The cause of the fire is disputed. Supported by expert testimony, Plaintiff asserts that the fire was caused by a battery cell in a computer manufactured and sold by Defendant Hewlett-Packard Company ("HP") and owned by Mr. Mark Davis ("the Laptop"). Because Defendant denies this allegation, it is attempting to exclude the expert testimony of cause-and-origin expert Ken Rice, who opines that the subject fire was caused by an internal failure of a lithium-ion battery in the Laptop. The testimony and opinions of Ken Rice are relevant and are supported by reliable methodology and analysis, so the Court should deny Defendant's Motion in its entirety.

1 – PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY
　　AND OPINIONS OF KEN RICE

## LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Under *Daubert* and its progeny, a district court's inquiry into admissibility is a flexible one. *Alaska Rent–A–Car, Inc. v. Avis Budget Grp., Inc.,* 738 F.3d 960, 969 (9th Cir.2013). In evaluating proffered expert testimony, the trial court is "a gatekeeper, not a fact finder." *Primiano v. Cook,* 598 F.3d 558, 565 (9th Cir.2010) (citation and quotation marks omitted).

"[T]he trial court must assure that the expert testimony 'both rests on a reliable foundation and is relevant to the task at hand.'" *Id.* at 564 (quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993)). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry. And it is reliable if the knowledge underlying it has a reliable basis in the knowledge and experience of the relevant discipline." *Id.* at 565 (citation and internal quotation marks omitted). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.* at 564 (citation omitted). The judge is "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent–A–Car,* 738 F.3d at 969. Simply put, "[t]he district court is not tasked with deciding whether the expert is right or wrong, just whether his testimony has substance such that it would be helpful to a jury." *Id.* at 969–70.

2 – PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF KEN RICE

MacMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

The test of reliability is flexible. *Estate of Barabin v. AstenJohnson, Inc.,* 740 F.3d 457, 463 (9th Cir.2014) (en banc). The court must assess the expert's reasoning or methodology, using as appropriate criteria such as testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance. *Id.; see also Primiano,* 598 F.3d at 564. But these factors are "meant to be helpful, not definitive, and the trial court has discretion to decide how to test an expert's reliability as well as whether the testimony is reliable, based on the particular circumstances of the particular case." *Primiano,* 598 F.3d at 564 (citations and quotation marks omitted); *see also Barabin,* 740 F.3d at 463. The test "is not the correctness of the expert's conclusions but the soundness of his methodology," and when an expert meets the threshold established by Rule 702, the expert may testify and the fact finder decides how much weight to give that testimony. *Primiano,* 598 F.3d at 564–65. Challenges that go to the weight of the evidence are within the province of a fact finder, not a trial court judge. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1044 (9th Cir. 2014). A district court should not make credibility determinations that are reserved for the jury. *Id*.

Defendant seems to suggest that any deviation from NFPA 921 renders an expert's testimony inadmissible. However, any flaws in an expert's "NFPA 921 methodology go the weight of [the expert's] testimonial evidence, not to the question of its admissibility." *State Farm Fire & Cas. Co. v. Hewlett-Packard Co.,* No. 13-CV-0328-TOR, 2015 WL 5821898, at *4-*5 (E.D. Wash. Oct. 5, 2015) (when party moved to preclude expert witness' testimony on the ground that his methodology deviated from NFPA 921 standards, court denied motion on that ground). "A minor flaw in an expert's reasoning or a slight modification of an otherwise reliable method" does not render expert testimony inadmissible. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1048 (9th Cir. 2014) (quoting *Amorgianos v. Nat'l R.R. Passenger Corp.,* 303 F.3d 256, 267 (2d

3 – PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF KEN RICE

MacMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON  97204
TELEPHONE (503) 224-2165

Cir.2002)). "A more measured approach to an expert's adherence to methodological protocol is consistent with the spirit of *Daubert* and the Federal Rules of Evidence: there is a strong emphasis on the role of the fact finder in assessing and weighing the evidence." *Id.* (citing *Daubert,* 509 U.S. at 594–95, 113 S.Ct. 2786).

## ARGUMENT

### I. Ken Rice's Opinion Is Not Speculative.

Defendant asserts that Ken Rice's opinion is improperly speculative because he does not purport to offer scientific analysis of the computer battery pack and battery cells. This argument has no merit because Mr. Rice has been retained only to opine on the cause and origin of the fire. He does not purport to offer any opinions as to how or why the computer battery failed. The scope of his testimony is made clear in his written report and deposition testimony.

For testimony specific to the battery pack and battery cells, Plaintiff will offer battery expert Michael Eskra. Mr. Rice notes in his deposition that he will be "deferring to Mr. Eskra in that regard." *Deposition of Ken Rice (Defendant's Exh. 2)*, 13:4-8. Because Defendant's argument is based on a mischaracterization of the scope of Rice's opinions, the Court should disregard it.

### II. Rice Faithfully Adhered to NFPA 921.

Defendant attempts to discredit Mr. Rice's methodology by mischaracterizing the bases for his opinion and ignoring large portions of his analysis. Defendant asserts that Rice made improper assumptions and ignored material facts, but Rice's report shows that he conducted a thorough, systematic analysis before coming to his conclusion.

#### a. Rice's opinion was not based solely on the Laptop's degree of damage.

Defendant argues that Rice inappropriately assumed that "because the Davis notebook was significantly burned, it must have caused the fire." While Rice did consider the damage to the

4 –   PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF KEN RICE

MacMillan, Scholz & Marks, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON  97204
TELEPHONE (503) 224-2165

Laptop as part of his analysis, it was part of an extensive, systematic analysis of all available evidence, and it did not lead him to make any improper assumptions.

Rice's report explains that he made multiple visits to the scene, conducted an interview of the only living witness, and reviewed numerous documents and materials, including laboratory testing results, apartment floor plans, public agency documents, technical reports, applicable codes and standards, and photographs of the scene. *Report of Ken Rice (Defendant's Exh. 1)*, 1-2. Pursuant to NFPA 921, he analyzed witness statements, fire patterns, fire dynamics, and arc mapping. *Id*. at 20-22. In attempting to rule out all other possible causes of the fire, Rice investigated whether Mr. Davis could have intentionally started the fire with an open flame and whether Davis could have accidentally set the fire while smoking in bed. *Id*. at 22-25. Clearly, Rice based his opinion on more than the degree of damage to Mr. Davis's computer.

This baseless argument is a consistent theme in Defendant's brief. Defendant isolates one part of Rice's analysis and claims that Rice improperly made assumptions on that basis. In truth, Rice's opinion is based on a systematic, scientific analysis of all the available information, so his testimony is reliable, and the Court should disregard these arguments.

### b. Rice's opinion was not based solely on which area of the room had the greatest burn damage.

Defendant asserts that Ken Rice violated NFPA 921 by assuming that the area of the room with the greatest burn damage was the area of origin. Just as above, Defendant is attempting to discredit Rice's methodology by isolating one portion of Rice's analysis and ignoring the rest.

Pursuant to NFPA 921, Rice did consider fire patterns of the room, but he did so in conjunction with witness statements, fire dynamics, and arc mapping, also pursuant to NFPA 921. Rice did not make any improper assumptions; his opinion is based on a comprehensive analysis of all available facts, so this argument also fails.

5 –   PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY
       AND OPINIONS OF KEN RICE

MacMillan, Scholz & Marks, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON  97204
TELEPHONE (503) 224-2165

**c.   Rice abided by NFPA 921 standards for witness interviews.**

Defendant asserts that Rice failed to abide by NFPA 921's standards for witness interviews because he did not take an audio recording of his interview. However, the NFPA 921 passage cited by Defendant does not require this. The passage merely states that all interviews "should be documented," and explains that "Audio recording the interview or taking written notes during the interview are two of the most common methods of documenting the interview." NFPA 921, § 14.5.1.5.

Defendant seems to imply that an investigator is obliged to audio record an interview if possible, but the cited NFPA 921 passage does not express any preference as to which method is used. *Id*.

Rice took handwritten notes of his interview of Yevrovich. Defendant does not dispute this. This clearly meets the requirements of NFPA 921, so Defendant's argument has no merit.

**d.   Rice clearly considered smoking as a cause of the fire.**

Defendant asserts that Rice violated NFPA 921 because he "failed to consider smoking as a cause of the fire." *Defendant's Memorandum of Law*, 8. Such an argument blatantly ignores the two-and-a-half-page section in Rice's "Fire Cause Analysis" that considers the possibility that Davis fell asleep or passed out while smoking in bed. *Report of Ken Rice (Defendant's Exh. 1)*, 23-25. Rice carefully weighed the evidence before him and arrived at a conclusion that it is not likely that Davis started the fire with a cigarette. *Id*.

Defendant does not allege that Rice failed to consider any pieces of material evidence. Defendant merely disagrees with the conclusion that Rice reached. Obviously, this is not grounds for exclusion of Rice's testimony. *Primiano,* 598 F.3d at 564–65 (The test for admissibility of expert evidence "is not the correctness of the expert's conclusions but the soundness of his methodology."); *United States v. Sandoval-Mendoza*, 472 F.3d 645, 654 (9th Cir. 2006) ("*Daubert* makes the district court a gatekeeper, not a fact finder.").

6 – PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF KEN RICE

MacMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

### e. Rice clearly considered that Davis might have set the fire.

Defendant asserts that Rice violated NFPA 921 because he "failed to consider that Davis might have set the fire." *Defendant's Memorandum of Law*, 10. Just as above, such an argument ignores the section in Rice's "Fire Cause Analysis" that considers this possibility. *Report of Ken Rice (Defendant's Exh. 1)*, 22. Rice weighed the evidence before him and concluded that it was unlikely that Davis intentionally started the fire. *Id*.

Just as above, Defendant does not allege that Rice failed to consider any pieces of material evidence; it merely disagrees with Rice's conclusion. Defendant argues that Rice should have given more weight to the statements Yevrovich made to police, and less weight to objective evidence he reviewed and to the statements Yevrovich made to him during his interview. Specifically, Defendant points to Yevrovich's assertions that Davis started the fire and about Davis's state of mind at the time. Both of these assertions by Yevrovich are pure speculation; she was not in Davis's room when the fire was started, nor was she in his head. Nevertheless, Defendant argues that Rice's opinions are unreliable because he did not blindly accept Yevrovich's assertions as fact.

Rice's consideration of Yevrovich's statements was directly in line with NFPA 921, which provides: "When witness statements are not supported by the investigator's interpretation of the physical evidence, the investigator should evaluate each separately." NFPA 921, § 18.3.3.14. Because Rice's interpretation of the physical evidence did not support Yevrovich's statements, he did exactly as NFPA 921 prescribes.  Rice weighed all the relevant evidence and ultimately ruled out the possibility that Davis intentionally set the fire. The Court should not exclude his testimony simply because Defendant disagrees with this conclusion.

### f. Rice explicitly discussed potential safety devices in the Laptop within his report.

Defendant alleges that Rice's opinion is invalid because he failed to investigate "[h]ow safety devises and features designed to prevent the fire from occurring operated or failed to

7 –   PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF KEN RICE

MacMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON  97204
TELEPHONE (503) 224-2165

operate." This argument fails for three reasons. First, as has been discussed, Rice was not retained to offer opinions as to the internal mechanisms and software of the battery pack and battery cells. Michael Eskra is the expert who will be addressing those issues.

Second, the passage of NFPA 921 cited by Defendant seems to be directed at fire suppression systems, or other physical mechanisms aimed at preventing fires, and not at internal computer parts and software.

Finally, Rice explicitly addressed these issues in his report. Beginning on page 16, Rice discusses the observable features of the battery management unit ("BMU") and what state they were in. *Ken Rice Report (Defendant Exh. 1)*, 16-17. He also notes which features and components he was unable to measure due to damage or proprietary tools. *Id*.

Because Rice adequately analyzed the computer's safety devices and features, this argument fails.

## CONCLUSION

Ken Rice's opinions as to the cause and origin of the fire at the Bluffs at Evergreen are based on analysis that was scientific, systematic, and comprehensive. As such, his testimony is relevant and reliable. For all the foregoing reasons, Plaintiff requests that the Court deny Defendant's Motion in its entirety.

DATED: June 26, 2023.                    MacMILLAN, SCHOLZ, & MARKS, LLC

By: _____
John R. MacMillan, WSB #27912
MacMillan Scholz & Marks
900 SW Fifth Ave., #1800
Portland, OR 97204
T: (503) 224-2165
F: (503) 224-0348
E: jmacmillan@msmlegal.com
*Of Attorneys for Plaintiff*

8 – PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY AND OPINIONS OF KEN RICE

MacMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165