The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, as subrogee of DH&G, LLC., <br><br>Plaintiffs,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>Defendants. | Case No. 2:19-cv-00138-TL <br><br>**DEFENDANT HEWLETT-PACKARD COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF MICHAEL ESKRA** |

INTRODUCTION

This subrogation action arises out of a fire that occurred at an apartment building in Everett, Washington. As plaintiff admits, "No expert can be certain of exactly what happened that led to the fire." *Doc. 54* at 10. Local authorities that investigated the fire ruled that the cause of the fire was undetermined. While the cause of the fire is unknown, witness testimony suggested that the fire may have been caused, either accidentally or intentionally, by a distraught and intoxicated resident. Plaintiff, however, alleges that the fire originated in the battery pack of an HP notebook computer and has sued Hewlett-Packard Company ("HP") to recover the funds paid to its insured. In support of its theory, plaintiff retained Michael Eskra,

DEFENDANT HEWLETT-PACKARD COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF MICHAEL ESKRA – 1
Case No.: 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

who opines that the fire was caused by a battery in the computer. HP moved to exclude Eskra's testimony in accordance with *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). In its motion, HP argued that Eskra's opinions are speculative and that his methodology is unreliable. Plaintiff opposed HP's motion. HP responds as follows:

## ARGUMENT

### I.   Plaintiff cannot dispute that Eskra's opinion is speculative

In its motion, HP argued that Eskra's conclusions are speculative, noting that Eskra alleged that some unidentified manufacturing defect in a battery cell might have caused a shorting event that in turn caused the fire. *Doc. 47* at 4. However, Eskra was unable to identify any manufacturing defect, and he was only able to suggest what *might* have occurred *if* a manufacturing defect had existed. *Id.* at 12-13. In response, plaintiff concedes that Eskra can only offer "*possible* explanations for why the short occurred" (emphasis added). *Doc. 54* at 7. Despite this admission, plaintiff argues that Eskra's opinion is not speculative because he "authoritatively states that Cell 2 developed an internal short." *Doc. 54* at 6. However, stating unscientific opinions in an authoritative tone is not sufficient under Rule 702 and *Daubert*; rather, experts must support their opinions with sufficient facts and data and reliable principles and methodology. Fed.R.Evid. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 592-93 (1993). Eskra failed to do so here, and his testimony should be excluded.

### II.   Plaintiff cannot dispute that Eskra's testing was unreliable and irrelevant

"Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702." *Henricksen v. Conoco Phillips Co.,* 605 F. Supp. 2d 1142, 1154 (E.D. Wash. 2009), citing *Mukhtar,* 299 F.3d 1053,

**DEFENDANT HEWLETT-PACKARD COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF MICHAEL ESKRA** – 2
Case No.: 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

1063 n. 7 (9th Cir. 2002). Accordingly, testing must be "conducted under conditions substantially similar to the actual conditions." *Lipson v. ON Marine Servs. Co., LLC*, 2013 U.S. Dist. LEXIS 175317, *6 (W.D. Wash. 2013), *citing Champeau v. Fruehauf Corp.,* 814 F.2d 1271, 1278 (8th Cir. 1987). Where there is "no relationship" between the testing conditions and the actual conditions, exclusion is warranted. *Jack v. Borg-Warner Morse TEC LLC,* 2018 U.S. Dist. LEXIS 135424, *57 (W.D. Wash. 2018), *citing Krik v. Crane Co.,* 71 F. Supp. 3d 784 (N.D. Ill. 2014).

In its motion, HP argued that Eskra's testing should be excluded because he conducted his testing on irrelevant materials. Plaintiff does not appear to dispute that Eskra failed to ensure he obtained a relevant exemplar computer. Nor does plaintiff dispute that Eskra tested on a different model of battery cells. As HP discussed in its original motion, the computer allegedly involved in the fire had SDI battery cells, but Eskra conducted his testing on LG Chem cells. *Doc. 47* at 5. In response, plaintiff concedes that Eskra tested a different model but attempts to excuse Eskra's error by arguing that because the battery cells were manufactured by an OEM (original equipment manufacturer), the parts "**should** be **virtually** identical to the battery packs in Davis's computer." *Doc. 54* at 4-5 (emphasis added). This is precisely the problem: Eskra does not know if the battery packs were the same in any relevant way but can only surmise that they "should" have been "virtually" the same. Regardless, Eskra's OEM explanation is an attempt at distraction. Eskra opines to a manufacturing defect, not a design defect; thus, examining and testing different cells manufactured by a different company at a different facility by different workers using different machines cannot provide any meaningful information as to whether cell 2 was manufactured incorrectly. Put another

**DEFENDANT HEWLETT-PACKARD COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF MICHAEL ESKRA** – 3
Case No.: 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

way, even if the exemplar showed a manufacturing defect, it would not assist the factfinder in determining whether Cell 2 had an alleged manufacturing defect.

Plaintiff next argues that Eskra's testing on a used dog bed was a "valid test." *Doc. 54* at 5. Plaintiff asserts, "Mr. Eskra tested the exemplar laptop on a soft dog bed, to 'see if a soft furry thing would restrict airflow and what type of temperatures we would see…'" *Doc. 54* at 5. While this testing may have some usefulness if the fire had occurred on a "soft furry thing," it is undisputed that the computer involved in the fire was <u>not</u> situated on a "soft furry thing."[1] Plaintiff contends that the computer was on a mattress at the time of the fire. Plaintiff cannot argue with any credibility that it did not have access to a mattress to lend some scientific credibility to his alleged testing. Regardless, the fact remains that Eskra admitted that he was *not* trying to recreate the conditions of the fire when he performed his dog bed test. *See Doc. 47* at 7. This amounts to an admission by Eskra that he conducted irrelevant testing of no usefulness to the jury. Thus, the testimony must be excluded.

Finally, and most importantly, plaintiff does not offer any meaningful response to HP's argument that the alleged defect that Eskra pointed to (the alleged "twisted tab") did not exist after the fire and likely resulted from the disassembly of Cell 2 at the joint evidence exam post fire. *Doc. 48-3* at ¶¶6-7. Eskra admits he "does not know how the tab became twisted." *Doc. 48-2* at 96:22-23. This is significant because Eskra did not examine the battery cells until December 2020.[2] *Id.* at 87:13-16. This was more than three years after the battery cells were

---

[1] All that is known is that the computer was somewhere in Marc Davis' bedroom. Plaintiff contends that it was on Davis' mattress, which may or may not have had bedding on it. Even if this were the case, plaintiff does not even attempt to argue that the mattress was at all similar to a soft, furry dog bed.

[2] Eskra's December 2020 examination was done without notice to HP. It took place at Eskra's lab with only his assistant present. *Doc. 48-2* at 85:18-21; 87:13-21. This is in contrast to the earlier evidence exams that were done jointly and pursuant to protocols agreed upon by both parties.

**DEFENDANT HEWLETT-PACKARD COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF MICHAEL ESKRA** – 4
Case No.: 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

*destructively* disassembled at a joint August 2017 evidence exam, and as HP's expert, Dr. Horn, notes, the tab was not twisted prior to the joint evidence examination. *Doc. 48-3* at ¶¶5-7. Having no evidence to refute this, plaintiff instead tries to characterize the declaration of HP's expert as "self-serving." *Doc. 54* at 7.

## CONCLUSION

Plaintiff concludes its opposition by admitting, "No expert can be certain of exactly what happened that led to the fire." *Id.* at 10. On this point all parties agree. Local authorities ruled the cause of the fire undetermined, as did HP's origin and cause expert. *Doc. 46-2* at 18. Nevertheless, plaintiff has proffered the opinion of an expert who tested a faux "exemplar" on the wrong surface, using the wrong battery packs and wrong battery cells and who opined as to a defect that did not exist at the time of the fire. While plaintiff tries to spin these facts, plaintiff does not dispute them. This is precisely the type of haphazard "junk science" that the Court as gatekeeper under *Daubert* should keep from the jury.

For the foregoing reasons, and the reasons set forth in its original motion, Defendant HP requests that the Court grant its motion to exclude the testimony of Michael Eskra.

Respectfully submitted,
Defendant, HP, Inc.,
By its attorneys,

*/s/ Kenneth M. Roessler*

Kenneth M. Roessler
Mix Sanders Thompson PLLC
1601 Fifth Ave., Suite 1800
Seattle, WA 98101
(206) 678-1000
ken@mixsanders.com

*/s/ Christopher G. Betke*
Christopher G. Betke, pro hac vice

**DEFENDANT HEWLETT-PACKARD COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF MICHAEL ESKRA** – 5
Case No.: 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

Coughlin Betke LLP
175 Federal St.
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com

I, Christopher G. Betke, certify that the above memorandum contains 1,456 words (exclusive of the caption, signature block, and certificate of service), in compliance with the Local Civil Rules.

*/s/ Christopher G. Betke*
Christopher G. Betke, pro hac vice

## CERTIFICATE OF SERVICE

I certify that on the date below I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

John R. MacMillan: jmacmillan@msmlegal.com
Kenneth Roessler: ken@mixsanders.com

DATED: July 10, 2023        */s/ Christopher G. Betke*

**DEFENDANT HEWLETT-PACKARD COMPANY'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO EXCLUDE THE TESTIMONY OF MICHAEL ESKRA** – 6
Case No.: 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980