The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, as subrogee of DH&G, LLC., <br><br> Plaintiffs, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, <br><br> Defendants. | Case No. 2:19-cv-00138-TL <br><br> DEFENDANT HEWLETT PACKARD COMPANY'S MOTIONS IN LIMINE <br><br> NOTE ON MOTION CALENDAR: SEPTEMBER 29, 2023 <br><br> ORAL ARGUMENT REQUESTED |

Defendant Hewlett-Packard Company ("HP") submits the following motions in limine:

**Factual Background**

On the evening of December 31, 2015, a fire broke out in Unit E101 of an apartment complex known as the Bluffs at Evergreen, in Everett, WA. Two people lived in Unit E101: Lynn Yevrovich and Mark Davis. On the day of the fire, Yevrovich ended her long-term relationship with Davis and stated her desire to move out of their apartment as soon as possible and to see other people. Davis, who had been intoxicated since 10:00 a.m. that day reacted angrily to Yevrovich's news. Yelling "F…k you! F…k you! F…k you! F…k you!" to Yevrovich, Davis went into his bedroom where he continued consuming alcohol. Yevrovich smelled cigarette smoke coming from Davis's bedroom.

DEFENDANT HEWLETT PACKARD COMPANY'S
MOTIONS IN LIMINE – 1
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

About an hour-and-a-half after their argument, Yevrovich was in the living room watching television when she noticed smoke coming out from under the door to Davis's bedroom. She "ran over and opened the door and I saw [Davis] standing in the middle of the room, just staring at his mattress, which had just been consumed with flames." Yevrovich told police officers that she believed Davis had set the fire, either intentionally or accidentally, because of their breakup, noting that his alcohol consumption could have played a role. She also reported to police that Davis was especially likely to smoke in his room after the two had fights, and, as noted above, Yevrovich had told police that she had smelled cigarette smoke coming from Davis's bedroom on the date of the fire. A fill canister of fuel was found in an open dresser drawer in Davis's room by the Everett Police Department, as was a used cigarette. Ultimately, the Everett Fire Department classified the cause of the fire as "undetermined."

Plaintiff, the insurer for DH&G, alleges that it paid $5.7 million to cover fire damage to the building. Ignoring Yevrovich's firsthand account of the incident, plaintiff alleges that a lithium-ion battery in Davis's HP laptop computer was the cause of the fire. The model notebook at issue in this case is the 15-AC132DS HP notebook (the "Model NB"). The Model NB was subjected to the tests done to qualify for UL listing and CB certification which includes testing for potential fire hazard during operation by consumers. The UL tests are designed to test the computer and battery pack against known and foreseeable abuse and misuse and to ensure that it will not result in a failure that would initiate a fire. There are no other reported claims or legal actions alleging that the Model NB has caused a fire aside from the present case. The Model NB was never subject to recall and it has an unblemished track record.

## Legal Standards

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area . . . so that admissibility is settled before attempted use of the

DEFENDANT HEWLETT PACKARD COMPANY'S
MOTIONS IN LIMINE – 2
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

evidence before the jury." *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009) (citation omitted). Motions in limine are part of a "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

### I.     Motion in limine to preclude an award of prejudgment interest.

"Whether prejudgment interest is awardable depends on whether the claim is a liquidated or readily determinable claim, as opposed to an unliquidated claim." *Hansen v. Rothaus*, 107 Wn.2d 468, 472 (1986) (citations omitted). *See also Rekhter v. Dep't of Soc. & Health Servs.*, 180 Wn.2d 102, 124 (2014), *quoting Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32, 442 P.2d 621 (1968) (prejudgment interest allowed when the amount claimed is liquidated or "determinable by computation with reference to a fixed standard contained in the contract, without reliance on opinion or discretion.")

"A claim is liquidated when it is possible to compute the amount exactly without relying on opinion or discretion." *613 Fairview Ave., L.L.C. v. Pong's Corp.*, 2003 Wash. App. LEXIS 74 (2003), *citing Hansen* 107 Wn.2d at 472. *See also* (*Mall Tool Co. v. Far. W. Equip. Co.*, 45 Wn.2d 158, 176, 273 P.2d 652 (1954) (damages are liquidated if they can be determined by "reference to a fixed standard contained in the contract, without reliance upon opinion or discretion."). For example, in *Egerer v. CSR W., LLC*, 116 Wn. App. 645, 67 P.3d 1128 (2003), the measure of damages was liquidated where it was fixed by statute. *Id.* at 654. In *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 153 P.3d 846 (2007), the claim for overtime pay was liquidated where the plaintiffs "submitted objective evidence of the overtime due and the basis for their calculations." *Id.* at 723.

In contrast, a claim is *unliquidated* "where the exact amount of the sum…must in the last analysis depend upon the opinion or discretion of the judge or jury as to whether a larger or a smaller amount should be allowed." *Hansen*, 107 Wn.2d at 473, *quoting Prier v.*

**DEFENDANT HEWLETT PACKARD COMPANY'S MOTIONS IN LIMINE** – 3
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

*Refrigeration Eng'g Co.*, 74 Wn.2d 25, 33 (1968). For example, in *Safeco Ins. Co. v. Woodley*, 150 Wn.2d 765, 82 P.3d 660 (2004), a claim for legal fees could not be considered liquidated because the amount was within the discretion of the trial judge. *Id.* at 773. In *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 142 Wn.2d 654, 687, 15 P.3d 115 (2000), the claim for damages from an environmental cleanup was unliquidated because determining the amount required testimony allocating certain clean-up bills between areas covered and not covered by insurance. And in *Maryhill Museum of Fine Arts v. Emil's Concrete Constr. Co.*, 50 Wn. App. 895 751 P.2d 866 (1988), which involved damage to a museum, damages were unliquidated where "the costs and extent of the repairs were disputed. The court used its discretion in determining the reasonable cost of repairs would be the original contract cost of the project." *Id.* at 903 (internal citations omitted)

      Here, the claimed damages cannot be determined without opinion or discretion. This case does not involve a contract or a sum certain that is allegedly owed. Rather, the amount of damages is in dispute, and, should the jury find for plaintiff and award damages, the jurors will use their discretion after hearing each party's testimony. In particular, HP's damages expert, Nash Johnson, will offer testimony disputing several categories of the plaintiff's claimed damages. (Johnson's report is attached hereto.) For example, Johnson is expected to testify that the plaintiff is improperly seeking to recover costs for hazardous material abatement and plumbing leaks, when such work was not occasioned by the fire, but rather, was a deferred maintenance item. As another example, Johnson is expected to testify that the plaintiff is improperly seeking to recover from HP the costs of upgrades to the damaged building. In total, Johnson will testify that the damages total is nearly $1.5 million *less* than that sought by the plaintiff here. The jury will be asked to weigh the competing testimony and determine what amount of damages is appropriate.

**DEFENDANT HEWLETT PACKARD COMPANY'S MOTIONS IN LIMINE** – 4
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

**II.     Motion in limine to preclude admission of evidence of incidents pertaining to other batteries/model computers.**

"A showing of substantial similarity is required when a plaintiff attempts to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect." *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991); *see also Pau v. Yosemite Park and Curry Co.*, 928 F.2d 880, 889 (9th Cir. 1991); *White v. Ford Motor Co.*, 312 F.3d 998, 1009 (9th Cir. 2000). "The rule rests on the concern that evidence of dissimilar accidents lacks the relevance required for admissibility under Federal Rules of Evidence 401 and 402." *Cooper, supra* at 1105; *see also Jaramillo v. Ford Motor Co.*, 116 Fed. Appx. 76, 79 (9th Cir. 2004) (new trial in products liability rollover defect case was warranted because district court admitted evidence of other accidents in violation of Rule 402). The Court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.

In the product liability context, the substantial similarity doctrine of admissibility of other accident evidence requires that the product at issue be substantially similar, *see, e.g. Tompkins v. Medtronic, Inc.*, 1994 U.S. App. LEXIS 2843, at *17 (9th Cir. Feb. 10, 1994) (precluding other accident evidence of 6972 lead wire model not substantially similar to 6971 lead wire model), and that the allegedly resulting "accidents [] occurred under circumstances similar to the [plaintiff's] accident." *Jaramillo v. Ford Motor Co.*, 116 F. App'x 76, 78-79 (9th Cir. 2004) (precluding other accident evidence of motor vehicle accidents not occurring on similar roadway surfaces); *see id.* (noting "substantial-similarity doctrine has normally been applied to preclude other-accident evidence offered by plaintiffs").

**DEFENDANT HEWLETT PACKARD COMPANY'S MOTIONS IN LIMINE** – 5
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

Here, plaintiff must accordingly be precluded from introducing evidence of other accidents involving notebooks other than Model NB that occurred under similar circumstances. Such "evidence of dissimilar accidents lacks the relevance required for admissibility under Federal Rules of Evidence 401 and 402." *See Jaramillo, supra* at 79, *citing Cooper, supra* at 1105. That is, such dissimilar accident evidence has no "tendency to make a fact more or less probable than it would be without the evidence" in this case where the model NB has no other reported accident claims. F.R.E. 401. Indeed, the potential confusion to the finder of fact in this complex product liability case by introducing such dissimilar accident evidence, and resulting prejudice to HP, further requires the exclusion of the evidence. *See Apodaca v. Eaton Corp.*, 2023 U.S. Dist. LEXIS 32384, at *10 (W.D. Wash. Feb. 27, 2023) (Lin, J.) (admission of other accident evidence requires proper foundation and balancing under F.R.E. 403). The plaintiffs must accordingly be precluded from offering evidence of dissimilar accidents involving models other than the Model NB. *See Myers v. Ford Motor Co.*, 2008 U.S. Dist. LEXIS 111574, at *4-5 (D. Ariz. Sep. 2, 2008) (Snow, J.) ("plaintiffs precluded from introducing evidence of other similar accidents or incidents unless and until they establish a foundation showing sufficient similarity to the facts and issues presented to permit their introduction into evidence."). The motion in limine to preclude the admission of evidence of other accidents involving notebooks other than the model NB that occurred under similar circumstances should be granted.

**III.   Motion in limine to preclude Ken Rice from testifying about his current role as County Fire Marshall or wearing his uniform in Court while testifying.**

As recited by the Court, Plaintiff's expert witness Ken Rice "is a Senior Fire Investigator at Jensen Hughes retained by Plaintiff to investigate the December 31 fire and determine its cause." Dkt. No. 59 at 16, *citing* Dkt. No. 50-1 at 2, 31 (expert report). Rice

**DEFENDANT HEWLETT PACKARD COMPANY'S MOTIONS IN LIMINE** – 6
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

prepared his report on December 18, 2018. Rice's report, prepared in that private capacity – rather than in his current role as County Fire Marshall – has subsequently been ruled inadmissible insofar as it opines "the fire was caused by an internal failure of the Laptop's battery pack." Dkt. No. 59 (granting in part *Daubert* motion as to Rice). However, insofar as the report and Rice's testimony is otherwise admissible, Federal Rule of Evidence 403 requires that he be precluded from testifying in connection with his report about his current role as County Fire Marshall, because there is no probative value to such evidence. As noted by the Court, the report was prepared in his role as Senior Fire Investigator with Jensen Hughes in 2018, and he did not attain his role of County Fire Marshall until five years after preparing that report, i.e. in 2023.

Further, if there were somehow any probative value to his testimony concerning his current role as County Fire Marshall, a role he did not have at the time he prepared his report or for years thereafter, is substantially outweighed by a danger of unfair prejudice to HP, confusion of the issues, and misleading the jury. F.R.E. 403. That is, without an order of preclusion, Rice may offer testimony concerning his current role as County Fire Marshall and thereby confuse the issues and mislead the jury concerning the capacity under which he investigated the fire at issue in this case – as a privately retained expert witness with Jensen Hughes, or as a public Fire Marshall. This testimony will result in prejudice to HP, and, equally, Rice must be therefore be precluded from offering it. *Id.*

Equally, Rice must be precluded from non-testimonial acts that will confuse the issues and mislead the jury as to the capacity under which he investigated this fire: wearing his County Fire Marshall uniform, badges, or other visible marks of his public office. Such uniform would "convey their occupation and a sense of veracity, and credibility to the jury that would unduly prejudice [HP]." *Berman v. Sink*, 2016 U.S. Dist. LEXIS 70048, at *20-22 (E.D. Cal. May 27,

DEFENDANT HEWLETT PACKARD COMPANY'S
MOTIONS IN LIMINE – 7
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

2016) (Boone, J.) (granting in part motion to preclude police officers from wearing uniform while testifying); *see also Johnson v. Williams,* 2020 U.S. Dist. LEXIS 183035, at *2-3 (D. Nev. Oct. 2, 2020) (Navarro, J.) (granting motion to preclude corrections officer from wearing uniform while testifying where plaintiff ). Rice attained the office of County Fire Marshall years after investigating this fire and preparing the report in this case. His current role is therefore irrelevant to this case, and any evidence thereof would unduly prejudicial to HP. The motion in limine to prelude Rice from testifying about his current role as County Fire Marshall or wearing his uniform in Court while testifying should therefore be granted.

### Certification in Accordance with Local Rule 7(d)(4)

I, Christopher G. Betke, certify that on September 11, 2023, at 10:30 a.m., Kenneth Roessler and I conferred with John MacMillan via telephone in a good faith attempt to resolve the matters in dispute at issue in the above motions in limine. The parties were unable to resolve their differences.

*/s/ Christopher G. Betke*
Christopher G. Betke

**DEFENDANT HEWLETT PACKARD COMPANY'S MOTIONS IN LIMINE** – 8
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

Respectfully submitted,

Defendant HP, Inc.,
By its attorneys,

*/s/Kenneth M. Roessler*
Kenneth M. Roessler,
Mix Sanders Thompson PLLC
1601 Fifth Ave., Suite 1800
Seattle, WA 98101
 (206) 521-5989
ken@mixsanders.com


*/s/ Christopher G. Betke*
Christopher G. Betke, pro hac vice
Coughlin Betke LLP
175 Federal St.
Boston, MA 02110
(617) 988-8050
cbetke@coughlinbetke.com

I, Christopher G. Betke, certify that the above memorandum contains 2,348 words (exclusive of the caption, signature block, and certificate of service), in compliance with the Local Civil Rules.

*/s/ Christopher G. Betke*
Christopher G. Betke,
pro hac vice

**DEFENDANT HEWLETT PACKARD COMPANY'S MOTIONS IN LIMINE** – 9
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

**CERTIFICATE OF SERVICE**

I certify that on the date below I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

John R. MacMillan: jmacmillan@msmlegal.com
Christopher G. Betke: cbetke@coughlinbetke.com

I further certify that on the below I mailed by U.S. Postal Service a copy of the foregoing document to the following non-CM/ECF participants:

N/A

   DATED: September 11, 2023        /s/ *Kalli Lehmann*

**DEFENDANT HEWLETT PACKARD COMPANY'S MOTIONS IN LIMINE** – 10
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980