The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |  |
|---|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, as subrogee of DH&G, LLC., | ) ) ) ) ) | Case No. 2:19-cv-00138-TL |
| Plaintiff, | ) ) | LR 16.1 Pretrial Order |
| v. | ) ) ) | |
| HEWLETT-PACKARD COMPANY, | ) ) | |
| Defendant. | ) ) ) | |

## JURISDICTION

Jurisdiction is vested in this court by virtue of diversity jurisdiction. 28 U.S.C. §1332(a)(1).

## CLAIMS AND DEFENSES

Plaintiff will pursue at trial the following claims:

This is a subrogation property damage action. Plaintiff's insured owned an apartment building that sustained fire damage on December 31, 2015. Plaintiff contends that the fire was caused by a defective battery pack comprised of three 18650 Lithium-ion batteries, which was a component of an HP notebook computer, and asserts a claim under the Washington Product Liability Act, RCW 7.72.030(2)(a) (product not reasonably safe in construction). Plaintiff further contends that its experts investigated the fire scene for and eliminated all potential causes aside from the HP- manufactured battery back. Plaintiff asserts it is entitled to recover all damages paid to or on behalf of its insured for damage to the Bluffs at Evergreen apartment complex, for lost rental income, and for pre-judgment interest.

Defendant HP asserts the following defenses and/or claims:

Defendant HP denies that its product was defective, denies it was not reasonably safe in construction. HP denies that the fire was caused by the subject computer. HP contends the evidence shows the subject computer was damaged by the fire but did not cause the fire. Although HP does not bear the burden of proof, HP expects that the evidence will show that there are other potential causes of the fire that cannot be ruled out.  HP also disputes the extent of Plaintiff's damages and causation of Plaintiff's alleged damages and will present evidence that Plaintiff, as subrogee, is seeking damages that it is not entitled to including upgrades and delayed maintenance and repairs that were not caused by the fire but, instead, predated the fire.

## ADMITTED FACTS

The following facts are admitted by the parties:

1. On December 31, 2015, a fire occurred at the Bluffs of Evergreen apartment building (Building E) in Everett, Washington (the "fire").

2. The fire began in apartment E101, which was occupied at the time by Mark Davis and Lynn Yevrovich.

3. Mark Davis died in the fire.

4. On the date of the fire, Lynn Yevrovich made 9-1-1 calls to the Everett Police Department that were recorded.

5. On January 6, 2016, Lynn Yevrovich gave a videorecorded interview to police and fire department investigators.

6. Lynn Yevrovich is deceased. Her death on March 4, 2016, is unrelated to the fire.

7. There were no product recalls of the HP model 15-ac-132ds computer.

## ISSUES OF LAW

The following are the issues of law to be determined by the court: (List 1, 2, 3, etc., and state each issue of law involved.  A simple statement of the ultimate issue to be decided by the court, such as "Is the plaintiff entitled to recover?" will not be accepted.) If the parties cannot agree on the issues of law, separate statements may be given in the pretrial order.

1. Whether the damages sought by plaintiff are liquidated (in which case, Plaintiff may recover prejudgment interest should it prevail) or unliquidated (in which case, it may not).

2. Whether Plaintiff may introduce evidence of fires involving notebook computers and other battery packs and cells other than the model at issue in this case.

3.   Whether Plaintiff's expert, Ken Rice, should be permitted to testify about his current role as a county fire marshal and whether he should be permitted to wear his current fire marshal uniform while testifying.

4.   Whether certain statements made by Lynn Yevrovich should be excluded.

5.   Whether HP's expert Nash Johnson should be allowed to testify that certain items of plaintiff's damages are not recoverable.

6.   Whether testimony by HP's proposed witness Lee Atkinson qualifies as expert testimony and should be excluded.

7.   Whether the testimony of non-party witnesses Steve DeKoekkoek, Belfor USA Group, Inc. and JS Held Construction Consulting qualify as expert testimony and should be excluded.

## EXPERT WITNESSES

(a)   Each party shall be limited to <u>four</u> expert witness(es) on the issues of liability and damages.

(b)   The name(s) and addresses of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

(1)   **On behalf of plaintiff;**

**Ken Rice**
**Pierce County Fire Marshal**
2401 South 35th Street
Tacoma, WA 98409

Mr. Rice is expected to testify in accordance with his expert disclosure and deposition testimony. In general, Mr. Rice will testify regarding his investigation as to the cause of this fire, and his observations of the evidence at fire scene and evidence inspections. Mr. Rice will testify regarding his analysis of and elimination of various potential causes of the subject fire. Plaintiff also expects Mr. Rice will testify in rebuttal to testimony by defendant's experts.

**Drew Paris, P.E.**
**Jensen Hughes**
19125 North Creek Pkwy #120
Bothell, WA 98011

Electrical engineer Drew Paris is expected to testify in accordance with his expert disclosure and deposition testimony. In general, Mr. Paris will testify regarding his investigation as to the cause of this fire, and his observations of the evidence retained from the fire scene and evidence inspections. Mr. Paris will testify regarding his analysis of and elimination of various potential causes of the subject fire. Plaintiff also expects Mr. Paris will testify in rebuttal to testimony by defendant's experts.

**Mike Eskra**
Eskra Technical Products
560 Technology Way, Unit 7
Saukville, WI 53080

It is anticipated that Mike Eskra, a battery expert, will testify in accordance with his expert disclosure and deposition testimony. As general summary, Mr. Eskra will testify regarding his investigation of the cause of this fire, his observations of the evidence at various evidence inspections, the manufacturing process of battery cells, the track record 18650 Li-ion cells, battery safety features, available safety features in laptop computers, laptop computer component parts, as well as the testing done to the packs and cells and certification by independent laboratories such as Underwriters Laboratories (UL) as well as the process for certification thereunder. Mr. Eskra will testify that an internal short in one of the three Li-ion cells in the HP computer initiated the fire at the Bluffs at Evergreen. Mr. Eskra will also testify in rebuttal to testimony by HP's experts.

(2)    **On behalf of defendant:**

**Don Galler, Electrical Engineer**
Electrical Engineering Solutions
15 Birchwood
Bedford, MA

It is anticipated that Don Galler, an electrical engineer, will testify in accordance with his expert disclosure and deposition testimony. As a general summary Mr. Galler will testify regarding his investigation as to the cause of this fire, his observations of the evidence at various evidence inspections, the model notebook computer including its design, safety features, component parts as well as its testing and certification by independent laboratories such as underwriters laboratory as the process for certification thereunder. Mr. Galler will also testify regarding the track record of this particular notebook and battery pack and cells including no recalls or other fire claims as well as other possible electrical causes of the fire that cannot be ruled out. It is also expected that Mr. Galler will testify in rebuttal to plaintiff's experts' testimony.

**Quinn Horn. Ph. D.**
Exponent
1075 Worcester St
Natick, MA 01760

It is anticipated that Quinn Horn, an engineer and battery expert, will testify in accordance with his expert disclosure and deposition testimony. As general summary, Dr. Horn will testify regarding his investigation of the cause of this fire, his observations of the evidence at various

evidence inspections, the automated manufacturing process of battery cells, the track record of the cells at issue in this case including no recall, the battery pack and cells including their design, safety features, component parts as well as the testing done to the packs and cells and certification by independent laboratories such as Underwriters Laboratories (UL) as well as the process for certification thereunder. Dr. Horn will testify that the battery pack/cells from the HP computer did not cause the fire and that the damage to them is consistent with an external attack from the fire and not consistent with an internal defect that caused the fire. Dr. Horn will also testify in rebuttal to plaintiff's experts' testimony.

**Jeff Colwell, Ph.D., P.E.**
Colwell Consulting, LLC
8777 North Gainey Center Drive
Suite 178
Scottsdale, Arizona 85258

It is anticipated that fire investigator/engineer, Dr. Jeff Colwell, will testify consistent with his expert disclosure and deposition testimony regarding his investigation of this fire including review of witness statements, photographs, evidence, site visit, and opinions rendered by other experts in the case. Dr. Colwell will testify that consistent with generally accepted fire investigative principles there are multiple potential causes of this fire that cannot be ruled out in accordance with the scientific method including an intentionally set fire, an accidentally set fire from smoking or other causes and other possible electrical causes of the fire. Dr. Colwell will testify regarding generally accepted fire investigative techniques as well as generally accepted literature in the industry related to fires and the investigation thereof including those that pertain to his investigation of this fire. He will also offer testimony in rebuttal to plaintiff's experts.

**Nash Johnson**
Nash Johnson Consulting LLC
12862 Copper Beach Dr. NE
Poulsbo, WA, 98370-9266

Johnson is an expert in the construction industry. He will testify in accordance with his expert disclosure regarding his analysis of the nature and scope of the damages plaintiff is claiming in this case, specifically, that damages for code upgrade compliance, plumbing upgrades, and hazardous material abatement and demolition associated with it, should all not be included as recoverable damages because these were not occasioned by the fire, but rather, represent building maintenance costs unrelated to the fire which had been neglected or deferred for years.

## OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

(a)     **On behalf of plaintiff:** (E.g., Jane Doe, 10 Elm Street, Seattle, WA; will testify concerning formation of the parties' contract, performance, breach and damage to

plaintiff.)

**Steve DeKoekkoek**
Engle Martin & Associates
4100 194th Street SW, Ste 120
Lynnwood, WA 98036

Engle Martin general adjuster Steve DeKoekkoek is expected to testify regarding the scope and actual costs of repairs performed at the Bluffs at Evergreen apartment complex to restore the property to its pre-fire condition, including bringing the property into compliance with current, applicable building codes. Mr. DeKoekkoek will also testify regarding amounts lost in rent by plaintiff's insured DH&G during the time Apartment Building E was under repair.

**Belfor USA Group, Inc.**
4320 South 131st Place, Suite 100
Seattle, WA 98168

Plaintiff expects that a representative from Belfor will testify regarding the scope and actual costs of repairs performed at the Bluffs at Evergreen apartment complex to restore the property to its pre-fire condition, including bringing the property into compliance with current, applicable building codes.

**JS Held Construction Consulting**
50 Jericho Quadrangle, Suite 117
Jericho, NY 11753

Plaintiff expects that a representative from JS Held will testify regarding the scope and actual costs of repairs performed at the Bluffs at Evergreen apartment complex to restore the property to its pre-fire condition, including bringing the property into compliance with current, applicable building codes.

**Russell Hirsch**
DH&G, LLC
10532 35th Avenue NE
Seattle, WA. 98105

Russell Hirsch is a principal member of plaintiff's insured, DH&G, and is expected to testify regarding the operation of the property that suffered fire damage, better known as the Bluffs at Evergreen, 2 West Casino Road, Everett, WA 98204, as well as DH&G's subsequent insurance claim with plaintiff.

   (a)    **On behalf of defendant:** (follow same format).

**Lee Atkinson, Distinguished Technologist**
HP Inc.

51-17 Ling Hang North Road, Zhomgli
24 District, Jaoyuam, Taiwan

It is anticipated that Lee Atkinson will provide testimony regarding the design and the function of the model computer at issue. He will provide testimony regarding the safety features present in the model notebook computer as well as the safety testing it undergoes before being brought to market including, but not limited to, testing by independent laboratories such as Underwriters Laboratories (UL) and the process for certification thereunder. Mr. Atkinson may also provide testimony regarding the process of approving vendors of component parts, such as battery pack and cells, as well as the requirements of such battery pack and cells undergoing safety testing, including, but not limited to, UL certification, Mr. Atkinson will testify regarding the track record of this particular model notebook computer including the fact that it was not subject to recall nor are there any other claims involving this model notebook computer causing a fire. Mr. Atkinson may also provide testimony regarding the number of units of this notebook sold.

**Det. Michael Atwood**
c/o Everertt WA Police Dept.
3002 Wetmore Avenue
Everett, WA 98201

It is anticipated that Mr. Atwood will provide testimony regarding his investigation of this fire including his interview of Lynn Yevrovich, the 9-1-1- calls, statements provided by Ms. Yevrovich.

**Inspector James McCall**
Everett Fire Department
c/o Everett Fire  Dept.
2801 Oakes Ave
Everett WA 98201

It is anticipated that Inspector McCall will provide testimony regarding his investigation of this fire including his interview of Lynn Yevrovich, the 9-1-1- calls, and statements provided by Ms. Yevrovich.

## EXHIBITS

Identify each exhibit with a number, which becomes the number for the exhibit at the trial and appears on the exhibit tag with the following information in table format:

**Plaintiff:**

Plaintiff submitted its exhibit list to the Court on October 2, 2023, per the Trial Order for this matter (Dkt. 41) and will submit its exhibits to the Court five days prior to trial in accordance with Judge Lin's Trial Procedures for All Civil Cases, Updated June 16, 2023.

**Defendant:**

Defendant submitted its exhibit list to the Court on October 2, 2023, per the Trial Order for this matter (Dkt. 41) and will submit its exhibits to the Court five days prior to trial in accordance with Judge Lin's Trial Procedures for All Civil Cases, Updated June 16, 2023.

## ACTION BY THE COURT

(a)     This case is scheduled for trial before a jury on October 16, 2023, at 9:00 a.m.

(b)     Trial briefs shall be submitted to the court on or before October 2, 2023.

(c)     (Omit this subparagraph in non-jury case).  Jury instructions requested by either party shall be submitted to the court on or before October 2, 2023.  Suggested questions of either party to be asked of the jury by the court on voir dire shall be submitted to the court on or before October 2, 2023.

(d)     (Insert any other ruling made by the court at or before pretrial conference.)

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order.

This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

DATED this ____ day of October, 2023.

_____

United States District Judge/ Magistrate Judge

FORM APPROVED

*/s/ John R. MacMillan*_____
Attorney for Plaintiff

*/s/ Kenneth M. Roessler*_____
Attorney for Defendant