The Honorable Tana Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, as subrogee of DH&G, LLC.,

Plaintiffs,

v.

HEWLETT-PACKARD COMPANY,

Defendant.

Case No. 2:19-cv-00138-TL

DEFENDANT HP'S MOTION TO STRIKE WITNESSES STEVE DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY

NOTE ON MOTION CALENDAR: OCTOBER 13, 2023

## 1. MOTION TO STRIKE WITNESSES STEVE DeKOEKKOEK, BELFOR, & JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY

### A. INTRODUCTION

Plaintiff, an insurer that adjusted claims made in connection with the 2015 New Years' Eve fire at the Bluffs at Evergreen, has not disclosed any damages expert in this case to testify concerning the calculations pertaining to the valuation of the property, the remediation and mitigation costs, and lost income. Such disclosures were required to be made by July 24, 2021. *Dkt. 26*. Nevertheless, on the eve of trial and for the first time in this case, plaintiff has designated in its proposed pretrial order three witnesses–Steve DeKoekkoek, Belfor USA Group, Inc. and JS Held Construction Consulting–to testify concerning the calculation of fire remediation and

DEFENDANT HP'S MOTION TO STRIKE WITNESSES DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY – 1
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

mitigation costs, code compliance costs, and lost income. *See Dkt. 81* at 6. Because each witness' proffered testimony comprises "a detailed and complex opinion on the cost of making repairs" and "required technical and specialized knowledge beyond the ken of a lay witness," the proffered testimony is expert testimony. *HM Hotel Props. v. Peerless Indem. Ins. Co.*, 624 F. App'x 520, 521 (9th Cir. 2015). As the proffered testimony is "expert in nature," and DeKoekkoek, Belfor, and JS Held were not disclosed as expert witnesses in a timely fashion, their testimony must accordingly be excluded. *Id.,* citing F.R.C.P. 26(a)(2)(A); F.R.C.P. 37(c)(1).

**B. FACTUAL BACKGROUND**

"Plaintiff brings this action, as the insurer and subrogee of DH&G, LLC, which held an insurance policy covering property damage at the Bluffs at Evergreen at the time of the fire, for insurance payments covering the damages suffered by DH&G as a result of the fire." *Id.* at 6. On March 25, 2019, plaintiff disclosed DeKoekkoek, Belfor, and JS Held as purported fact witnesses, stating: "The following disclosures [including DeKoekkoek, Belfor, and JS Held] do not include persons whose testimony is likely to be used solely for impeachment, rebuttal, or expert witness testimony, who will be disclosed in accordance with the schedule set by the Court." Plaintiff did not subsequently disclose any of them as damages expert witnesses "in accordance with the schedule set by the Court"–although it did timely disclose in July 2021, with corresponding expert reports as required by Rule 26, battery expert Eskra, *Dkt. 48-1* and fire investigator Rice, *Dkt. 50-1*.

A simple comparison of plaintiff's disclosures to defendant concerning its so-called non-expert witnesses' testimony and the plaintiff's designation of these witnesses' testimony in the proposed pretrial order on October 3, 2023 establishes that plaintiff is trying to proffer Rule 702 expert testimony under the guise of fact witnesses. For example, plaintiff disclosed DeKoekkoek in its initial disclosures and in answers to interrogatories as follows:

DEFENDANT HP'S MOTION TO STRIKE WITNESSES DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY – 2
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

> Mr. DeKoekkoek is an executive general adjuster with Engle Martin & Associates and has knowledge of the insurance claim made by DH&G, LLC, the adjustment of the insurance claim, and other relevant information.

*See Declaration of Christopher G. Betke in Support of Motion to Strike,* Exhibits 1 & 2. However, in apparent recognition of the fact that DeKoekkoek's proposed testimony "about the adjustment of the insurance claim made by DH&G and the adjustment of the insurance claim" is not the proper measure of damages in a subrogation action, plaintiff on October 3, 2023 – 801 days after expert disclosures were due – disclosed for the first time that DeKoekkoek's "fact" testimony is not about his "knowledge of the insurance claim" or the "adjustment of the insurance claim," but is now expected to be as follows:

> Engle Martin general adjuster Steve DeKoekkoek is expected to testify **regarding the scope** and actual costs of repairs performed at the Bluffs at Evergreen apartment complex **to restore the property to its pre-fire condition, including bringing the property into compliance with current, applicable building codes**. Mr. DeKoekkoek will also testify regarding **amounts lost in rent** by plaintiff's insured DH&G during the time Apartment Building E was under repair.

*Dkt. 81* at 6 (emphasis added). The same hold true for Belfor and JS Held. Belfor and JS Held were initially disclosed as follows:

> Belfor has information related to the repairs and repair costs for the damages sustained by DH&G, LLC as a result of the fire that is the subject of this litigation.
>
> JS Held has information related to the repairs and repair costs for the damages sustained by DH&G, LLC as a result of the fire that is the subject of this litigation.

On the eve of trial, suddenly their testimony includes:

> [A] representative from Belfor will testify **regarding the scope** and actual costs of repairs performed at the Bluffs at Evergreen apartment complex **to restore the property to its pre-fire condition, including bringing the property into compliance with current, applicable building codes**.
>
> [A] representative from JS Held will testify **regarding the scope** and actual costs of repairs performed at the Bluffs at Evergreen apartment complex **to**

DEFENDANT HP'S MOTION TO STRIKE WITNESSES DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY – 3
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

> **restore the property to its pre-fire condition, including bringing the property into compliance with current, applicable building codes**.

*Dkt. 81* at 6 (emphasis added). Accordingly, Defendant Hewlett Packard Company ("HP") included in the list of issues of law in this matter, "Whether the testimony of non-party witnesses Steve DeKoekkoek, Belfor USA Group, Inc. and JS Held Construction Consulting qualify as expert testimony and should be excluded." *Dkt. 81* at 6.

**C. LEGAL STANDARDS**

Federal Rule of Evidence 701(c) limits lay opinion testimony to testimony "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The purpose of this rule is to "eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 702 Advisory Committee's Note (2000).

Thus, a proffered witness' testimony "must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id.* This "ensures that a party will not evade the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26 and Fed. R. Crim. P. 16 by simply calling an expert witness in the guise of a layperson." *Id.* "[T]here is no good reason to allow what is essentially surprise expert testimony" and "the Court should be vigilant to preclude manipulative conduct designed to thwart the expert disclosure and discovery process." *Id.* (citation omitted)

Federal Rule of Civil Procedure 26(a)(2)(B) requires the parties to disclose the identity of each expert witness "accompanied by a written report prepared and signed by the witness." Federal Rule of Civil Procedure 37(c)(1) "gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not

DEFENDANT HP'S MOTION TO STRIKE WITNESSES DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY – 4
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*., 259 F.3d 1101, 1106 (9th Cir. 2001) (excluding testimony of untimely disclosed damages expert). This sanction is "self-executing," and "automatic" in order to provide a "strong inducement for disclosure of material." Fed. R. Civ. P. 37 Advisory Committee's Note (1993).

**D. ARGUMENT**

**1. Plaintiff failed to timely disclose DeKoekkoek, Belfor, and JS Held as damages experts**

*A. The testimony of DeKoekkoek, Belfor, and JS Held is expert in nature*

The plaintiff's proffered testimony of DeKoekkoek, Belfor, and JS Held concerning the scope of repairs, the calculation of fire mitigation and reconstruction costs including code compliance costs, comprises a "a detailed and complex opinion on the cost of making repairs" that "required technical and specialized knowledge beyond the ken of a lay witness." *HM Hotel, supra* at 521. Such testimony will necessarily require a "detailed breakdown of the work necessary to repair the roof and the cost of each step … It includes a discussion of scaffolds, cranes, and the amount of labor required for various steps." *Id.* (affirming exclusion of adjuster's expert testimony not timely disclosed); *see also Saracana Condo. Ass'n v. State Farm Fire & Cas. Co*., 2014 U.S. Dist. LEXIS 185207, at *13 (D. Ariz. Dec. 31, 2014) (Gleason, J.) (excluding testimony where witness was not at the time "in the business of repairing roofs in Arizona—he was in the business of offering opinions as an adjuster on whether roofs were damaged and the cost of repairing them for insurers and property owners. As such, his cost-of-repair opinions are the opinions of an expert based on specialized training and experience"). DeKoekkoek, Belfor, and JS Held's testimony is technical and specialized, concerning the scope and cost of fire mitigation and remediation, and is therefore within the scope of Federal Rule of Evidence 702, governing expert witnesses. Indeed, DeKoekkoek's testimony is even further specialized–

DEFENDANT HP'S MOTION TO STRIKE WITNESSES DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY – 5
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

opining in respect of lost rental income calculations, which necessarily involve financial assumptions and real estate valuation. *See United States v. 242.93 Acres,* 2012 U.S. Dist. LEXIS 21746, at *8 (S.D. Cal. Feb. 22, 2012) (excluding real estate and valuation testimony purportedly proffered under Federal Rue of Evidence 701). DeKoekkoek, Belfor, and JS Held's opinions were accordingly required to be disclosed under Federal Rule of Civil Procedure 26, and they were not. The motion to strike these witnesses from the proposed pretrial order and exclude their testimony should be granted.

Plaintiff attempts to "avoid the disclosure and reporting requirements of Rule 26(a)" by arguing that these witnesses "may provide testimony based on personal knowledge of a factual situation." *Humboldt Baykeeper v. Union Pac. R.R. Co.*, 2010 U.S. Dist. LEXIS 52182, at *3-5 (N.D. Cal. May 27, 2010) (White, J). As an initial matter, it bears noting that the new expected testimony of DeKoekkoek, Belfor, and JS Held were <u>never disclosed</u>; not in plaintiff's initial disclosures nor in plaintiff's answers to interrogatories. Adjusting an insurance claim does not encompass detailed discussion of topics such as code compliance and code sections.

Even if these witnesses somehow had personal knowledge and plaintiffs had established the same, "pursuant to Federal Rule of Evidence 701, lay witnesses may testify based upon their experience, but they may not provide opinions based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *Id., citing* Fed. R. Evid. 701; *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (holding that opinion by lay witness on observations that were not "common" but required demonstrable expertise was improper). This limitation exists to prevent the precise scenario here: "that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 Advisory Committee Notes (2000 Amendment). *See also PacifiCorp v. Nw. Pipeline GP*, 879 F. Supp. 2d 1171, 1201 (D. Or. 2012) (Papak, J.) (attempt to use

DEFENDANT HP'S MOTION TO STRIKE WITNESSES DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY – 6
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

investigator to opine as to damages "without disclosing them as experts under Rule 26 is precisely what Rule 701 is meant to prohibit").

Thus, "[t]he mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702." *Figueroa-Lopez*, *supra* at 1246; *see also Everest Stables, Inc. v. Canani,* 2011 U.S. Dist. LEXIS 163107, at *8 (C.D. Cal. Oct. 6, 2011) (Fischer, J.) ("Numerous post-2000 cases have concluded that a witness, even the owner of property, may not offer lay testimony that is based on specialized knowledge.") Here, plaintiff "seek[s] to have each of these three witnesses testify on matters based on their expertise and not merely their percipient observations." *Humboldt Baykeeper, supra* at *5. Plaintiff has thus attempted to evade the Rules through the simple expedient of proffering DeKoekkoek, Belfor, and JS Held as experts in lay witness clothing.

Plaintiff did not qualify DeKoekkoek, Belfor, and JS Held as experts, and "and a lay witness can't testify to what is essentially an expert opinion." *United States v. Rocha*, 665 F. App'x 628, 630-31 (9th Cir. 2016). "Any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702" which remains "true even when the expertise involved is specialized knowledge gained as part of a witness's job; it is certainly true when the testimony is based upon scientific and technical knowledge." *Rodriguez v. Gen. Dynamics Armament & Tech. Prods.,* 510 F. App'x 675, 676 (9th Cir. 2013) (excluding specialized and technical testimony proffered under F.R.E. 701)). DeKoekkoek, Belfor, and JS Held have been proffered to give testimony concerning that does not "merely relate [their] factual observations of what occurred that was within [their] competence to describe" but instead to render "opinions and inferences that [they] drew from [their] observations." *Jerden v. Amstutz*, 2006 U.S. App. LEXIS 686, at *19-20 (9th Cir. Jan. 12, 2006).

DEFENDANT HP'S MOTION TO STRIKE WITNESSES DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY – 7
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

Plaintiff failed to identify these witnesses as experts and disclose corresponding reports of their opinions as required by Rule 26. "Rule 26 requires parties to disclose in a written report a complete statement of all opinions the witness will express and the basis and reasons for them," and failing such disclosure, the witnesses' proffered testimony must be excluded. *See Lacey Marketplace Assocs. II, LLC v. United Farmers of Alta. Coop., Ltd.,* 2015 U.S. Dist. LEXIS 63563, at *22-23 (W.D. Wash. May 14, 2015) (Robert, J.) (excluding testimony under F.R.C.P. 37(c)(1). The testimony of DeKoekkoek, Belfor, and JS Held is expert in nature. The motion to strike them as witnesses and exclude their testimony must be granted.

*B. Plaintiff never disclosed DeKoekkoek, Belfor, and JS Held as experts*

Plaintiff cannot dispute that the expert disclosures were due July 24, 2021, by which deadline it disclosed its liability experts and their written reports, including battery expert Eskra, Dkt. 48-1 and fire investigator Rice, Dkt. 50-1. The exclusion of DeKoekkoek, Belfor, and JS Held, expert witnesses proffered in the guise of lay witnesses, is accordingly proper. *See Yeti, supra* at 1105 (excluding testimony of damages expert not disclosed until over two years after close of discovery and 28 days prior to trial). Further, here, "[a]lthough the identities of these individuals were disclosed earlier in the litigation and they were the subject of Fed. R. Civ. P. 30(b)(6) depositions ordered by the court, their proposed live testimony, be it expert or percipient in nature, was not earlier disclosed to Plaintiffs during the discovery process." *Pakootas v. Teck Cominco Metal*s, 2012 U.S. Dist. LEXIS 205456, at *6-7 (E.D. Wash. Aug. 13, 2012) (Suko, J.). Plaintiff's initial disclosures and interrogatories, reciting that these witnesses would only offer information concerning their personal knowledge, did not apprise HP of their proposed live expert testimony. And where "the proposed testimony is expert in nature," and "there were no expert disclosures, including reports, submitted for these individuals as required by Fed. R. Civ. P. 26(a)(2)(B)," the testimony must be excluded. *Id.* (excluding testimony where witnesses



Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

purportedly designated as non-experts with "inadequately vague description of the proposed testimony of these individuals which was not made until recently, well after the discovery process had closed.") The testimony of DeKoekkoek, Belfor, and JS Held was never disclosed under Federal Rule of Civil Procedure 26. The motion to strike them as witnesses and exclude their testimony must be granted.

**II. Plaintiff's failure to disclose was not substantially justified or harmless**

Neither exception to Rule 37(c)(1), which sanction of exclusion is otherwise automatic in nature, applies here, as there is no possible justification for plaintiff's failure to disclose these expert witnesses properly, and the harm to HP in preparing its defense on the eve of trial is patent. Insofar as plaintiff seeks supplementation of the report of HP's witness Nash Johnson, this is no justification for its failure to disclose DeKoekkoek, Belfor, and JS Held as expert witnesses. *See Yeti, supra* at 1106 ("Even if true, defendants could have issued a preliminary report to be supplemented after Polzin's report had been modified or they could have asked for an extension of the discovery deadline.")

Nor can plaintiff show that the delay was harmless. HP received the proffer of DeKoekkoek, Belfor, and JS Held's expert testimony concerning damages less than two weeks before the beginning of a complex case, and to respond to it, HP would have to depose these witnesses and prepare to question them at trial. *See Yeti, supra* at 1106-7. Thus, the use of the "automatic sanction of exclusion" here is proper. *Id.* (citation omitted).

In presenting this argument to the Court, plaintiff is attempting to evade the expert disclosure requirements in Federal Rule 26(a) "through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701 advisory committee's notes [*33] (2000 amendments). *Valvoline Instant Oil Change Franchising v. RFG Oil, Inc.*, 2015 U.S. Dist. LEXIS 201275, at *32-33 (S.D. Cal. Jan. 16, 2015) (Curiel, J.)

DEFENDANT HP'S MOTION TO STRIKE WITNESSES DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY – 9
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

Here, the alleged mitigation and remediation costs, code compliance, and lost rental income value have "been central to this dispute from the case's inception." *Mansur Props. LLC v. First Am. Title Ins. Co.*, 635 F. Supp. 3d 1116, 1132-33 (W.D. Wash. 2022) (King, J.) Therefore, plaintiff should have disclosed DeKoekkoek, Belfor, and JS Held's opinions by the July 24, 2021 deadline. *See id.*

Finally, the Court can look to four factors concerning plaintiff's lack of justification and harm to HP: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Mansur, supra* at 1133 (citations omitted).

Here, HP is prejudiced "because there was not a disclosure of the scope of testimony during the discovery process and there still has not been such disclosure." *Pakootas, supra* at *7. As set forth above, HP cannot fully cure the prejudice at this late juncture; short of exclusion, these witnesses' untimely expert testimony will be certain to disrupt the trial, as there has been no showing of foundation as to the opinions they may offer, and no opportunity for their testimony to be objected to or narrowed by pretrial motion. Finally, with these witnesses long known to plaintiff, as should have been the need for a damages expert to testify apparent from the outset of this complex subrogated products liability claim arising from a fatal fire. The plaintiff has no justification for its late disclosure, and the harm to HP is evident.

The fact that plaintiff's attempt to recategorize these witnesses is both prejudicial and in bad faith is demonstrated by the fact that plaintiff has entirely changed the expected nature of their testimony, for the first time, in the pretrial order on October 3. In plaintiff's initial disclosure it described plaintiff's witnesses' expected testimony one way, and in their answers to interrogatories they described the expected testimony *the exact same way*. However, in the

DEFENDANT HP'S MOTION TO STRIKE WITNESSES DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY – 10
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

pretrial order, plaintiff has disclosed expected testimony that is entirely different in scope and subject matter.

**E. CONCLUSION**

In this case, the defendant designated a damages expert–Nash Johnson–in conformity with the court's expert disclosure deadline over two years ago. Thereafter, at no time prior to the eve of trial did plaintiff request further information regarding the proposed expert opinion on damages. In addition, plaintiff elected to forgo a deposition of Nash Johnson. Thereafter, plaintiff did not file a motion to challenge the adequacy of Mr. Johnson's opinion in conformity with the courts local rule regarding Daubert motions. *See Standing Order For All Civil Cases § III(F)*; Local Rule 16(b)(4). Then, in flagrant violation of the court's local rule and on the eve of trial, plaintiff filed what was a Daubert challenge to the adequacy of Mr. Johnson's opinions. Notwithstanding the foregoing history, the court has ordered the defendant to produce supplemental disclosure by Mr. Johnson by noon Pacific time Friday, October 13, 2023. However, unlike defendant, plaintiff has not designated <u>any</u> damages expert, has provided no damages expert disclosure and, instead, is seeking to disguise expert opinion of a nonparty witness as a percipient fact witness. This end run around Rule 702 disclosures is not permissible and, as such, the disguised expert opinions must be stricken.

**Certification in Accordance with Local Rule 7(d)(4)**

I, Kenneth M. Roessler, certify that on October 11, 2023, at 3:31 p.m. P.T., I conferred with John MacMillan via telephone in a good faith attempt to resolve the matters in dispute at issue in the above motion to strike and motion to exclude witnesses DeKoekkoek, Belfor and JS Held. The parties were unable to resolve their differences on this issue.

*/s/ Kenneth M. Roessler*
Kenneth M. Roessler
WSBA # 31886
Local defense counsel for HP, Inc.

DEFENDANT HP'S MOTION TO STRIKE WITNESSES DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY – 11
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

Respectfully submitted this 11th day of October, 2023.

    Defendant HP, Inc.,
    By its attorneys,

    */s/Kenneth M. Roessler*
    Kenneth M. Roessler,
    Mix Sanders Thompson PLLC
    1601 Fifth Ave., Suite 1800
    Seattle, WA 98101
    (206) 521-5989
    ken@mixsanders.com

    */s/ Christopher G. Betke*
    Christopher G. Betke, pro hac vice
    Coughlin Betke LLP
    175 Federal St.
    Boston, MA 02110
    (617) 988-8050
    cbetke@coughlinbetke.com

I, Kenneth M. Roessler, certify that the above Motion to Strike and Exclude contains 3,402 words (exclusive of the caption, signature block, and certificate of service), in compliance with the Local Civil Rules.

    */s/ Kenneth M. Roessler*
    Kenneth M. Roessler

DEFENDANT HP'S MOTION TO STRIKE WITNESSES DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY – 12
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980

**CERTIFICATE OF SERVICE**

I certify that on the date below I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

John R. MacMillan: jmacmillan@msmlegal.com
Kenneth Roessler: ken@mixsanders.com
Ryan A. Jhannsen: rjohannsen@stichlaw.com

I further certify that on the below I mailed by U.S. Postal Service a copy of the foregoing document to the following non-CM/ECF participants:

N/A

DATED: October 11, 2023

*/s/ Kalli Lehmann*____________
Kalli Lehmann, Legal Assistant

DEFENDANT HP'S MOTION TO STRIKE WITNESSES DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY – 13
Case No. 2:19-cv-00138-TL

Mix Sanders Thompson, PLLC
1601 Fifth Ave, Suite 1800
Seattle, WA 98101
Tel: 206-678-1000
Fax: 888-521-5980