The Honorable Tana Lin

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, as subrogee of DH&G, LLC,

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY,

    Defendant.

Case No. 2:19-cv-00138-TL

PLAINTIFF'S RESPONSE TO HP'S MOTION TO STRIKE WITNESSES STEVE DEKOEKKOEK, BELFOR, AND JS HELD FROM PRETRIAL ORDER AND TO EXCLUDE THEIR TESTIMONY

## INTRODUCTION

Defendant's Motion to strike Steve DeKoekkoek, Belfor USA Group, Inc., and JS Held Construction Consulting from the Pretrial Order and exclude their testimony must be denied. The witnesses were properly disclosed in March of 2019, and their testimony is not technical or scientific in nature. Plaintiff is not attempting to offer surprise expert testimony. HP's Motion is merely a last-second effort to prevent Plaintiff from presenting evidence of the actual damages it incurred as a result of the fire. The Court's original ruling on the issue was correct, so the Court should deny this motion to reconsider.

1 – PLAINTIFF'S RESPONSE TO HP'S MOTION TO STRIKE AND EXCLUDE WITNESSES

MacMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

# ARGUMENT

## I. THE WITNESSES WERE PROPERLY DISCLOSED.

The subject witnesses were disclosed in Plaintiff's Initial Disclosures dated March 25, 2019. Accurate descriptions of their anticipated testimony were included in these disclosures. Plaintiff disclosed that Mr. DeKoekkoek was expected to testify regarding the adjustment of the insurance claim made by DH&G, LLC. Naturally, this includes the costs to repair the building, which includes the costs incurred to make the property compliant with current building codes. DH&G's insurance claim also naturally includes the lost rents due to the fire. Accordingly, nothing listed in Mr. DeKoekkoek's anticipated testimony in the Pretrial Order is new information, it is merely specified in greater detail than it was in the Rule 26 Disclosures.

Similarly, Plaintiff disclosed in 2019 that Belfor and JS Held had knowledge of the repairs and repair costs for the damage sustained in the subject fire. Naturally, this includes whatever costs were incurred to repair the property in compliance with applicable building codes.

HP drastically exaggerates the differences between Plaintiff's Initial Disclosures and the Pretrial Order; Plaintiff has not "entirely changed the expected nature of their testimony." (HP's Brief, 10.) The Pretrial Order merely lists more specific subjects that are well-within the descriptions of the witnesses' knowledge in the Initial Disclosures.

It is important to note that, in its Initial Disclosures, Plaintiff disclosed its claimed damages for "Building ordinance and law/code coverage" as well as lost rents. (Ex. 1, at 10.) HP was on notice that these damages were part of DH&G's insurance claim. Plaintiff did not attempt to hide the ball regarding the issues that its damages witnesses were expected to testify about.

Finally, HP had the opportunity to depose these witnesses if it wished to learn the specifics of the knowledge they had about Plaintiff's damages. They opted not to depose any of them. Because the witnesses and the subjects of their testimony were properly disclosed, any surprise on

Page 2 – PLAINTIFF'S RESPONSE TO HP'S MOTION TO STRIKE AND EXCLUDE WITNESSES

MacMillan, Scholz & Marks, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

HP's part as to the scope of the witnesses' knowledge is due to their own decision-making, and not the fault of Plaintiff.

## II. THE WITNESSES WILL NOT BE OFFERING OPINIONS THAT REQUIRE SCIENTIFIC OR SPECIALIZED KNOWLEDGE.

None of the subject witnesses will be offering opinions based on "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). As the Pretrial Order states, they will be testifying as to the "actual costs of repairs" and "amounts lost in rent" by Plaintiff's insured. These subjects do not require technical or scientific expertise, so they are appropriate for lay witness testimony.

The mere inclusion of the issue of costs "bringing the property into compliance with current, applicable building codes" does not make the issue one for expert testimony. The witnesses are still testifying as to <u>actual costs incurred</u>.

HP argues that these three witnesses' testimony necessitate "a detailed and complex opinion on the cost of making repairs." (HP's Brief, 2.) On the contrary, Plaintiff anticipates these witnesses testifying only as to facts known to them – what amounts were <u>actually paid</u> to put Plaintiff's insured in the position it was in before the fire.

The below excerpt from a recent New York case is particularly instructive as to the need for expert testimony in the case of fire damage:

> In this context, though, Barker's argument that PIIC needs an expert to sustain its claimed damages must be rejected. Presenting evidence of the actual cost to rebuild the building would require no "scientific, technical, or other specialized knowledge," so as to even *permit* an expert to testify under Evidence Rule 702, let alone require one. Fed. R. Evid. 702(a) (requiring specialized knowledge to provide expert opinions). **Plaintiff need only show what it actually paid to rebuild the building to recover,** *Scribner*, **138 F.3d at 472, and that burden can be satisfied simply by plaintiff supplying the invoices it accrued paying contractors**. It would be profound overkill to suggest that a factfinder needs expert help to parse those documents and award damages based on the costs that they reflect.

Page 3 – PLAINTIFF'S RESPONSE TO HP'S MOTION TO STRIKE AND EXCLUDE WITNESSES

MacMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

*Philadelphia Indem. Ins. Co. v. Barker*, 1:19-CV-1456, 2021 WL 1840592, at *5 (N.D.N.Y. May 7, 2021) (emphasis added). Similarly, in our case, Plaintiff's damage witnesses must only supply the jury with the information regarding the costs that were incurred in mitigating and repairing the fire damage.

HP argues that lost rental income calculations require expert testimony because they "necessarily involve financial assumptions and real estate valuation." (HP's Brief, 6.) In truth, these calculations are quite simple, and involve only simple arithmetic. This argument fails.

### III.  THE CASE LAW CITED BY HP IS EASILY DISTINGUISHED.

HP relies heavily on *HM Hotel Properties v. Peerless Indem. Ins. Co.,* 624 Fed. Appx. 520 (9th Cir. 2015). This case is merely an appellate court's determination that a district court did not abuse its discretion when excluding an "opinion on the cost of making repairs to the allegedly damaged roof." *Id*. The court's holding does not imply that all cases involving repair costs necessarily require expert testimony; it is a case-by-case, fact-dependent determination that depends on the nature of the anticipated testimony. There is a clear difference in the factual backgrounds of our case and *HM Motel*. In our case, Plaintiff's witnesses will testify regarding expenses actually paid with facts from their own personal knowledge; in *HM Motel*, the witness produced a detailed report on <u>potential repairs</u> whose necessity was disputed. *See id*. Because our witnesses will be offering only fact-based testimony, they do not require a "detailed and complex opinion" like in *HM Motel*, so the case is not persuasive.

In another case relied upon by HP, a district court disallowed a witness' (the same witness from *HM Motel*) proposed testimony regarding proposed repairs to damage allegedly caused by a hailstorm. *Saracana Condo. Ass'n v. State Farm Fire & Cas. Co.*, 2:12-CV-02250-SLG, 2014 WL 10987445, at *4 (D. Ariz. Dec. 31, 2014). Just as in *HM Motel*, our case differs from *Saracana* because our witnesses will be testifying to actual costs, about which they have

Page 4 – PLAINTIFF'S RESPONSE TO HP'S MOTION TO STRIKE AND EXCLUDE WITNESSES

MacMillan, Scholz & Marks, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

personal knowledge. In fact, the court in *Saracana* explained that witnesses who have personal knowledge of the repair costs are lay witnesses, not expert witnesses:

> For example, *Saracana* cites to *Steffy v. Home Depot, Inc.,* 2009 WL 4279878 (M.D.Pa. June 15, 2009). In *Steffy,* a plaintiff sought to offer the testimony of two contractors who had provided quotes for repair work as evidence of the cost of repair. *Id.* at *9. The defendant moved to exclude the testimony of the two contractors as inadmissible opinion evidence from a lay witness. *Id.* The court held that the testimony was admissible under Rule 701, noting that "[t]heir testimony, limited to their *personal knowledge of the amount their companies would personally charge Steffy* calls only upon 'the particularized knowledge that the witness has by virtue of his or her position in the business,' and is therefore admissible." *Id.* (emphasis added). *See also Majoue v. Allstate Ins. Co.,* 2007 WL 2571914, at *3 (E.D.La. Aug. 30, 2007) ("A lay witness is entitled to testify about information based on his first-hand knowledge" and therefore a contractor could offer his "testimony and his estimate regarding the rebuilding of Majoue's property as a lay witness and not as an expert."); *Seasha Pools Inc. v. Hardister,* 391 S.W.3d 635, 641 (Tex.App.2012) (property owner could properly offer lay testimony as to bids received for home repairs).

*Id*. at *4, n.38. For further cases on this issue, see the following string citation from *Steffy*:

> *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.,* 320 F.3d 1213, 1222 (11th Cir.2003) (discussing testimony that is of the "type traditionally and properly considered lay witness testimony," which is still admissible under rule 701, and determining that a shipbuilder employee's testimony as to the cost and reasonability of the repairs he made on a damaged ship was admissible lay witness testimony); *Int'l Rental and Leasing Corp. v. McClean,* 303 F.Supp.2d 573 (D.Vi.2004) (reversing trial court for failure to allow vehicle repairman to testify as to the cost of repairing a car under either rule 701 or rule 702); *Laconner Assoc. Ltd. v. Island Tug and Barge Co.,* 2008 WL 2077948 *3 (W.D.Wash.2008) (requiring that a hired contractor with factual knowledge as to the costs of work and cost alternatives be allowed to testify as fact witness but reserving right to prevent at trial testimony that goes beyond the scope permissible under rule 701); *Manoma Realty Mgmt., LLC v. Federal Pacific Elec. Co.,* 2007 WL 2175947, *5 (S.D.N.Y. July 27, 2007) (reserving for trial the question of whether a contractor's report of needed repairs and cost estimates would be accepted as expert testimony or admissible as from a fact witness).

*Steffy v. Home Depot, Inc.*, 1:06-CV-02227, 2009 WL 4279878, at *9 (M.D. Pa. June 15, 2009).

## CONCLUSION

By naming its damages witnesses as lay witness, Plaintiff was not attempting to hide the ball or engage in "surprise expert testimony," as HP alleges. Plaintiff disclosed these witnesses in 2019, over two years before expert disclosures were due. Plaintiff also disclosed the categories of

Page 5 – PLAINTIFF'S RESPONSE TO HP'S MOTION TO STRIKE AND EXCLUDE WITNESSES

MacMillan, Scholz & Marks, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

damages these witnesses will testify to. In the Pretrial Order, Plaintiff merely described with greater specificity the matters of which each witness has knowledge. The Court's original determination on this issue was correct, so HP's motion should be denied.

Exclusion of plaintiff's damages witnesses is an improper and unfairly prejudicial remedy. Because these witnesses will testify only as to actual costs incurred by Plaintiff, none of their testimony should be excluded, and the Motion should be denied.

DATED: October 12, 2023.                                MacMILLAN, SCHOLZ, & MARKS, LLC

By: */s/ John R. MacMillan*
John R. MacMillan, WSB #27912
MacMillan Scholz & Marks
900 SW Fifth Ave., #1800
Portland, OR 97204
T: (503) 224-2165
F: (503) 224-0348
E: jmacmillan@msmlegal.com
*Of Attorneys for Plaintiff*

Page 6 – PLAINTIFF'S RESPONSE TO HP'S MOTION TO STRIKE AND EXCLUDE WITNESSES

MacMILLAN, SCHOLZ & MARKS, LLC
ATTORNEYS AT LAW
900 SW FIFTH AVENUE, SUITE 1800
PORTLAND, OREGON 97204
TELEPHONE (503) 224-2165

# **CERTIFICATE OF SERVICE**

I, John R. MacMillan, certify under penalty of perjury under the laws of the United States that, on the date set forth below, I caused the foregoing document to be served by the method(s) indicated below on the parties listed below:

| | |
|---|---|
| Christopher G. Betke<br>Coughlin ∘ Betke LLP<br>175 Federal Street<br>Boston, MA 02110<br>*Of Attorneys for Defendant* | ☐ Via Hand Delivery<br>☐ Via US Mail, Postage Prepaid, First Class<br>☐ Via Facsimile<br>☒ Via CM/ECF<br>☒ Via E-Mail:   cbetke@coughlinbetke.com |
| Kenneth M. Roessler<br>Mix Sanders Thompson, PLLC<br>1420 Fifth Avenue, Suite 2200<br>Seattle, WA  98101<br>*Of Attorneys for Defendant* | ☐ Via Hand Delivery<br>☐ Via US Mail, Postage Prepaid, First Class<br>☐ Via Facsimile<br>☒ Via CM/ECF<br>☒ Via E-Mail:   ken@mixsanders.com<br>                               aaron@mixsanders.com |
| Ryan A. Johannsen<br>Stich, Angell, Kreidler & Unke<br>France Place<br>3601 Minnesota Dr., Suite 450<br>Minneapolis, MN  55435<br>*Of Attorney for Plaintiff* | ☐ Via Hand Delivery<br>☐ Via US Mail, Postage Prepaid, First Class<br>☐ Via Facsimile<br>☒ Via CM/ECF<br>☒ Via E-Mail:   RJohannsen@StichLaw.com |

DATED:  October 12, 2023.

*/s/ John R. MacMillan*
John R. MacMillan, WSBA #27912
Of Attorneys for Plaintiff

1 – CERTIFICATE OF SERVICE