UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PHILADELPHIA INDEMNITY INSURANCE COMPANY,<br><br>                Plaintiff,<br>    v.<br><br>HEWLETT-PACKARD COMPANY,<br><br>               Defendant. | CASE NO. 2:19-cv-00138-TL |

**ADDENDUM TO PRETRIAL ORDER**

Dated this 17th day of October 2023.

Tana Lin
United States District Judge

PHILADELPHIA INDEMNITY INSURANCE COMPANY, a Pennsylvania corporation, as subrogee of DH&G, LLC
v.
HEWLETT-PACKARD COMPANY
OBJECTIONS AND RESPONSES TO DEPOSITION DESIGNATIONS
Interview of Lynn Yevrovich by EPD Detective Atwood
January 6, 2016

| Page: Line No. | Nature of Objection | Response | Court's Ruling |
|---|---|---|---|
| 2:1 – 3:1 | Relevance, hearsay | Introductions and descriptions of who is conducting the recorded interview and who is being interviewed – this is necessary background context so the jury will understand who's who, the three participants (Det. Atwood of EPD, Lt. McCall of EFD, and Lynn Yevrovich). | Overruled. |
| 3:21 – 5:18 | No objection | | No objection. |
| 6:6 – 13:8 | Relevance, hearsay, unfairly prejudicial, character evidence | P. 6 is factual info provided by Yevrovich about the layout of the apartment. "I smelled smoke and I jumped out of the chair, because this is not – not unlike him to do dangerous things." This is her firsthand account of what she smelled, what she did when she first detected the fire with her sense of smell. This is also permissible lay opinion, ER 701, as it's "rationally based on the witness's perception, and is helpful to clearly understanding the witness's testimony or determining a fact in issue." This is not unfairly prejudicial, particularly when plaintiff's counsel has propped open the door in P's opening statement by alluding to what Ken Rice relied on, alluding to what Yevrovich told the police about the fire, etc. | Overruled as to 6:6-10:11 but sustained/redact 6:24-25 ("because this is not -- not unlike him to do dangerous things"); sustained as to remainder. |
| 14:1 – 19:3 | Relevance, hearsay, unfairly prejudicial | P. 14 is her direct & specific description of the breakup argument that she and David just had 1-2 hours before the fire, what precipitated him to "cuss her out" | Sustained. However, can ask the expert if aware of the fact that Davis and Yevrovich had a fight generally if expert would |

| | | | |
|---|---|---|---|
| | | and then he "ran into his room," told her to get out of his room;<br><br>P. 15 – she describes where she was located in the apartment, where his bedroom was located, layout, what she did;<br>P. 16 she smelled smoke, jumped out of her chair, her actions. Direct firsthand account. Said she yelled at him to get out (consistent with what she told 911)<br>P. 17 she is describing what she saw (mattress is on fire), that she told him he's "got to get out," and he did not say anything, "he was just like in a daze staring at the fire" – this is her direct observation of Davis in his bedroom and what he was doing. She's describing the fire that she saw in his bedroom.<br><br>PP 18-19 "I knew he was drunk." ER 701 lay opinion based on rational perception and firsthand knowledge and observations of Davis all that day. | rely on that kind of fact informing an opinion on the subject. Cumulative of other excerpts that are allowed. |
| 19:12 – 20:23 | Relevance, No personal knowledge (FRE 602) | Same as above. "… but I did smell the fumes on him and I saw him acting drunk." Firsthand observations and smell as basis, proper foundation. | Reserve as to 19:22-23 (will overrule if expert would rely on that kind of fact informing an opinion on the subject). Sustained as to remainder. |
| 22:9 – 23:3 | Relevance, hearsay | She describes the clothes that Davis was wearing, her firsthand observations. Describes the color of the smoke from the fire, that "there were plastics or something." | Overruled. |
| 24:6 – 25:23 | Hearsay, unfairly prejudicial, character evidence | Same reasoning as above, she describes what she did, what she saw, her | Sustained. |

| | | observations; P. 25 "he just was … standing, just staring at it, … … he was, you know, **angry.**" ER 701, rationally based on her 4+ year long relationship with him, living with him, and her firsthand account of his reaction to the argument they'd had 1 ½ hours before the fire. Context. | |
|---|---|---|---|
| 26:1 – 28:18 | Hearsay, unfairly prejudicial, character evidence; no personal knowledge | P. 26-27 – not necessary, extraneous, D withdraws this designation of these 2 pgs. | Sustained. |
| 29:19 – 37:9 | Hearsay, no personal knowledge | P. 30-34 she describes the layout of the apartment where she and David lived for years, it's absurd for P to argue "no personal knowledge" of the layout of her own apartment, where Davis was standing in his room when she saw him as the first was growing. It's based on her own firsthand knowledge, not offered to prove the truth, but to show solid foundation.<br>P. 35-36 – she describes how Davis piled linens all over the place, he "would hide some of his bottles there" among the linen piles.<br>P. 36 – "And he would smoke in there when we had fights and I would tell him not to. … I would constantly remind him he shouldn't smoke in his room. … But he didn't listen to me at all." This is based on her years of living with Davis, and rebuts plaintiff's theory that Davis did not smoke in his room, and is based on Yevrovich's direct observations and knowledge. | Overruled as to 31:24-32:4; 33:14-34:4; 34:10-35:24. Sustained as to remainder. |

| | | | |
|---|---|---|---|
| 38:15 – 40:25 | Hearsay, relevance | She describes the mattress and box spring Davis had in his bedroom, based on her firsthand observations and personal knowledge. Relevant to alternative causation theory advanced by defendant, cause of fire was not the laptop, it was Davis who smoked cigarettes in his room, had lighter fluid in his open dresser drawer, means, motive, opportunity. | Overruled as to 38:15-19. |
| 42:25 – 43:20 | Hearsay, relevance | Not necessary, withdrawn. | Withdrawn/sustained. |
| 44:1 – 44:21 | Hearsay, relevance, character evidence, no personal knowledge | 44: She describes seeing David go to the store earlier that day, then came back "… and by then I could tell that he'd already been drinking," and she identifies the local stores where he would buy the alcohol. | Sustained. |
| 45:18 – 46:9 | Hearsay, character evidence, no personal knowledge | 46 – "Mostly he drank in his room." Based on her observations. | Sustained. |
| 46:20 – 47:12 | Relevance, hearsay, unfairly prejudicial | 47 – she found "a lot of his empties [empty bottles of alcoholic beverages] relevant to his state of mind on evening of the fire, her lay opinion and firsthand observation that he was drunk that evening. Context. | Sustained. |
| 47:25 – 49:12 | Relevance, unfairly prejudicial | 49 – Her observation: "When I looked in there, I didn't see anything on the bed and it looked like the fire came straight from the mattress." And "it did catch while the piles of things around it, … cloth things around it. … that's what caused this huge lick of flame to go toward and he jumped at that point, back." Her direct observation of how the fire looked, what was burning, she did not see anything on the bed, so these are | Overruled. |

| | | | |
|---|---|---|---|
| | | all her firsthand observations while in Davis' room as the fire was just starting. | |
| 50:2 – 54:10 | Relevance, hearsay, unfairly prejudicial, character evidence | 51-52 – "I smelled some cigarette smoke earlier. … I had always told him to not smoke in his room … … But he started doing that maybe two or three years ago and when I'd tell him not to do it, he'd yell at me, go away, I'll do what I want. … I couldn't make him stop." | Overruled as to 50:2-19; 51:16-52:16. Sustained as to the remainder. |
| 54:13 – 56:1 | Hearsay, relevance | | Court questions the relevance of presence of smoke alarms (54:13-55:17) but assume Defendant is withdrawing its request for testimony re smoke alarms since it withdrew this testimony above. Sustained as to remainder. |
| 65:4 – 67:9 | Hearsay, no personal knowledge, unfairly prejudicial, relevance | 65 – she describes the lighter she gave him that "needed to be filled with butane … that he had the refill in his room. So that and alcohol are both accelerants." … "I just know that he was standing there staring at it like it was the most interesting thing in the world and he ignored me." Direct observation of Davis as the fire was burning in his bedroom. Relevant to alternate theory of causation, Davis had the means, motive, opportunity to start the fire. This is not unfairly prejudicial. Davis and Yevrovich died 7-8 years ago, and their Estates are not parties to this case, so there is no prejudice to them. It is not unfairly prejudicial to Philadelphia, it is fair to point out facts and observations by | Sustained. |

| Page: Line No. | Nature of Objection | Response | Court's Ruling |
|---|---|---|---|
| | | Yevrovich that refute plaintiff's theory of causation. | |
| 68:1 – 69:8 | Hearsay, no personal knowledge, unfairly prejudicial, relevance | Same as above. | Sustained. |
| 73:18 – 75:20 | Hearsay, no personal knowledge, unfairly prejudicial | Same as above. | Sustained. |
| 76:1 – 76:25 | No objection | | No objection. |
| 77:15 – 81:1 | Hearsay, no personal knowledge, relevance | Same as above. | Overruled as to 79:18-81:1. Sustained as to remainder. |
| 81:7 – 82:11 | Relevance, hearsay | Same as above. | Sustained. |
| 85:10 – 87:2 | Hearsay, relevance | Same as above. | Sustained. |
| 87:13 – 89:1 | Hearsay, relevance, character evidence | Same as above. | Sustained. |

PLAINTIFF'S PROPOSED DESIGNATIONS AND DEFENDANT'S OBJECTIONS
Interview of Lynn Yevrovich by EPD Detective Atwood
January 6, 2016

| Page: Line No. | Nature of Objection | Response | Court's Ruling |
|---|---|---|---|
| 5:3-18 | No objection | | No objection. |
| 76:16-77:5 | No objection | | No objection. |